ELWOOD GRAHAM v. A. LAMONT CHUBB.

*Account stated—Bill of particulars—Interest.*

An account stated, or a note given for the amount, need not cover all dealings or dealings on both sides.

In an action on a promissory note given for the balance on a struck account, a counter-claim that has not been settled cannot be proved under notice of set-off, without being set out in a bill of particulars.

There is nothing to prevent parties to a note from allowing back interest upon the debt at the same rate that would be lawful for the future.

Error to Kent. Submitted Oct. 11. Decided Oct. 22.

ASSUMPSIT. Defendant brings error.

*E. A. Maher* for plaintiff in error.

*J. W. & O. C. Ransom* for defendant in error.

CAMPBELL, C. J. Chubb sued Graham upon a promissory note for $58.83, dated March 6, 1871, but payable with interest at ten per cent per annum from the previous 21st of September, 1866. Defendant pleaded the general issue with notice of set-off, and denied the execution of the note. The ground of denial appeared to have been that he claimed the clause extending the interest back to 1866 was not in the note when given. The items of set-off included a sum of $74.71, paid on the note in 1873, and various articles furnished in subsequent years. On the trial a sufficient amount of set-off was proved to give defendant a verdict for a small balance of $2.68.

He brings error and insists his recovery should have been larger and was prevented by erroneous rulings.

The plaintiff below who was a witness on his own behalf, testified that the note was given at its date, and that the interest clause was expressly agreed upon. On

cross examination he swore the note was made out upon a balance of account which his books showed due from defendant to him on the 21st of September, 1866, and that a written statement of the account was previous to or at the time of taking the note, furnished to Graham. He also swore that the agreement to pay interest was not made until the date of the note, and was then made because it was deemed just.

Defendant thereupon offered to show that there had been an agreement whereby plaintiff was to furnish defendant a lot of castings for straw cutters, and defendant was to pay a part of the price in straw cutters, which he delivered, but for which he received no credit. That when the note was given defendant was ignorant of the state of the account, but has since found his book from which he is able to refresh his recollection and show they were not credited, and that there was no balance due when the note was given. This was ruled out.

It is to be observed that more than two years after the date of the note, and nearly seven years after the period when the account was struck, defendant paid upon it a sum of very much more than the original principal, leaving but a small balance; and that in his particulars and notice no reference is made to any such off-set or agreement, nor was any attempt made to show that previous to the trial any objection had ever been made to the accuracy of the account.

It is not claimed that there was not the full amount due when the note was given, aside from these counter-claims. The note was therefore founded on a full and valuable consideration, which, if defendant's pretense was true, might have been subject to reduction by the counter-claims. Giving to the note no greater force than if it had been merely an account stated, this testimony, if put in and believed, would only have shown that the particular matter of straw cutters was not included in the settlement. It is very well determined that an

account stated need not cover all dealings, or dealings on both sides. 2 Greenl. Ev., § 128; 3 Phil. Ev. (Edwards' ed.), 431; 2 Stark. Ev., 75.

Without, therefore, dwelling upon other questions, this counter-claim, not having been settled, should have been established in some other way; and not having been included in the bill of particulars, and being also barred by lapse of time, it was proper to reject it.

As the finding of the jury necessarily denied that the note had been altered, the charges refused relating to what might be proper if it had been changed, are not important.

We think the court properly decided there was no usury in the case. We have not had our attention called to any legal rule which prohibits parties from allowing back interest upon debts at the same rates which would be lawful in the future.

The judgment must be affirmed with costs.

The other Justices concurred.