PETER NELSON, APPELLANT, v. O. P. HURFORD AND OTHERS, APPELLEES.

**Usury:** CHANGE of SECURITIES, ETC. Every subsequent security given for a loan originally usurious, however remote or often renewed, is subject to the plea and proof of usury; and when the proof of usury in such case is sufficient, the court will apply all payments of interest upon such usurious loan as a payment, *pro tanto*, of the principal thereof.

APPEAL from the district court for Douglas county. Tried below before SAVAGE, J.

*John D. Howe*, for appellant.

*W. J. Connell*, for appellees.

COBB, J.

This action was brought in the district court of Douglas county for the purpose of foreclosing a mortgage on real estate, given to secure a note for sixteen

32

hundred dollars, dated November 1, 1875, running three years, with interest at teu per cent. Mortgage executed by Oliver P. Hurford and Ella Hurford. Plaintiff admits that the said O. P. Hurford has paid as interest on the said note the sum of $506.66. The defendants, Oliver P. Hurford, Ella Hurford, and Annie Hurford, answered that the note sued on was executed by said Oliver P. Hurford for the sole purpose of taking up another note of like amount, executed by said O. P. Hurford in the name of Hurford & Brother; which note was dated June 1, 1873, payable to the order of said Peter Nelson, in six months after the date thereof, with interest at the rate of fifteen per cent per annum, interest payable monthly, and which said note of June 1st, 1873, was by said O. P. Hurford so executed for the sole purpose of taking up another note of a like amount, executed by said O. P. Hurford to said plaintiff about three years prior to said time, for money loaned to said O. P. Hurford by said plaintiff. That from the date of the giving of the note first executed until the giving of the note in the plaintiff's petition described, the said O. P. Hurford paid to said plaintiff, and plaintiff knowingly, purposely, and usuriously received from said Hurford interest on said sum of sixteen hundred dollars at the rate of 15 per cent per annum; that said first note, as well as the second note hereinbefore described, provided for the payment of interest at said rate. That the total amount of interest so paid and received on said first note was $720.00, that the total amount so paid and received on said second note was $720.00; that defendants admit that on the note in the plaintiff's petition described there has been paid as interest the sum of $506.66—thus making a total of $1,945.66, paid as usurious interest to said plaintiff.

The cause was tried to the court without the

intervention of a jury, who found the issues for the defendants and sent them hence without day, and judgment for costs against the plaintiff, who brings the cause to this court on appeal.

Upon looking into the bill of exceptions I find evidence to sustain the finding of the court as to each point, and while there is other and conflicting evidence, I cannot say that the court is not sustained throughout by the weight of evidence.

The point of law that "after the settlement of 1875, the new securities then given and received, the old ones being surrendered, cannot be affected with the vice of usury, if in fact it existed in the former transaction," was raised and earnestly argued by counsel for the appellant. But he cited us to no authorities in support of that position, and as I have been unable to find any, I think there are none. On the contrary the cases uniformly hold substantially to the law as stated by Mr. Justice Swayne, in the opinion of the court in the case of *Walker v. Bank of Washington*, 3 Howard, 62: "The mere change of securities for the same usurious loan to the same party who received the usury, or to a person having notice of the usury, does not purge the original illegal consideration, so as to give a right of action on the new security. Every subsequent security given for a loan, originally usurious, however remote or often renewed, is void."

This cause arose in the District of Columbia, where, under the statute, the agreeing to take usurious interest rendered a contract absolutely void, so that, applied to the case at bar, the doctrine of that opinion gives the appellees the right to have all the interest by any of them paid on the debt sued on, after as well as before the change of securities, Nov. 1, 1875, credited on the principal.

Under the statute of Iowa, a note or contract is not

Nelson v. Hurford.

rendered void by reason of an agreement between parties for usurious interest thereon, but in that state when a plea of usury is interposed and proved, the judgment is for the contents of the note or contract without interest or costs, and another judgment to the state for the use of the school fund for a sum equal to 10 per cent per annum on such usurious note, etc. Construing the statute of that state in the case of *Campbell v. McHarg et al.*, 9 Iowa, 354, the court, per Mr. Justice Woodward, say: "When the attention of the court is called to the question of usury, to say that the inquiry is limited to the identical contract or note before them, and that they cannot look back to a preceding note or notes for which the present one was substituted, is contrary to both the letter and the spirit of all, or nearly all, the adjudications. These teach that however it may be covered by changes and substitutions, if usury be found to exist, either directly or indirectly, its taint continues, and affects all the parts through which it runs. The substitution of one contract for another, the taking of a new note for an old one, will not purge it." *Bank v. Milller*, Sup. Ct. Mo., 11 Reporter, 847.

With the moral question involved in the taking of usurious interest on the one hand, or the pleading of usury for the purpose of avoiding a contract on the other, I do not conceive that the courts have anything to do. The legislature no doubt considered all that, leaving to the judiciary only to administer the law as they understand it.

The judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.