JAMES DOYLE, APPELLANT, V. MARY F. HOLLAND ET AL., APPELLEES.

FILED FEBRUARY 6, 1894. No. 5467.

1. **Usury.** On September 17, 1887, plaintiff loaned the defendants $600 for one year at twelve per cent interest, the defendants giving their note secured by mortgage for $672,—the same being the sum borrowed and one year's interest thereon,—payable in one year from date thereof, with eight per cent from maturity. In

an action to foreclose the mortgage it was *held* that the contract was usurious.

2. .Extension of Usurious Loan.  It is a well settled rule that where the original loan is usurious, every subsequent extension of the same, even at a lawful rate of interest, is likewise tainted with the vice of usury.

APPEAL from the district court of Saline county.  Heard below before HASTINGS, J.

*Abbott & Abbott,* for appellant.

*Palmer & Hendee, contra:*

Where the original contract is tainted with usury, all subsequent renewals or extensions of the same are also tainted with the vice of usury. (*National Bank of Winterset v. Eyre,* 52 Ia., 114; *Exley v. Berryhill,* 33 N. W. Rep. [Minn.], 567; *Cottrell v. Southwick,* 32 N. W. Rep. [Ia.], 22; *Richards v. Kountze,* 4 Neb., 205.)

NORVAL, C. J.

This was an action to foreclose a real estate mortgage. The defendants interposed the defense of usury, which was sustained by the trial court, and a decree of foreclosure and sale was entered for the amount of the loan, less payments which had been made.  Plaintiff appeals.

The testimony on both sides agrees that the defendants borrowed of the plaintiff $600 on the 17th day of September, 1887, at twelve per cent interest for one year.  To secure the payment of the loan they gave their promissory note, calling for $672, due in one year from date thereof, at eight per cent interest from maturity, also a mortgage upon real estate.  The sum of $600, and no more, was received by the defendants on the note and mortgage, and the sum of $72, by agreement of the parties, was included in the note as interest on the $600 for one year.  The amount of interest agreed to be paid, being in excess of the maximum rate

allowed by statute, tainted the contract with the vice of usury.

Plaintiff attempts to escape the penalty of usury upon the ground that, at the time the money was borrowed and the note and mortgage were executed, it was orally agreed that should the defendants desire to retain the money for the next year ensuing after the maturity of the note, they could do so by paying eight per cent interest for said year, and that when the loan became due, at the request of the defendants, the payment thereof was extended for another year. There is a conflict in the testimony whether the defendants were charged eight or ten per cent interest for the second year, the plaintiff testifying that he was only paid $48 interest for that time, while the defendant Lawrence Holland testified that he paid $60 as interest. The trial court found that the aforesaid agreement for an extension of the time of payment was not carried out.

But admitting that defendants only paid eight per cent interest on the loan for the second year, the contract was nevertheless usurious. Plaintiff charged, and the defendants paid, twelve per cent on the money for the first year, as all the testimony shows. This made the original contract unlawful, and the fact that but eight per cent was paid for the second year, which with the sum charged for the first year did not exceed ten per cent per annum on the loan for the two years, does not relieve the plaintiff of the penalty imposed by law for taking usurious interest. Neither the note nor mortgage contained any provision that the loan was to run two years from the making thereof. On the contrary the money, by the express terms of the note and mortgage, was payable one year from the making of the contract. It is not claimed that any mistake was made in drawing the papers. The alleged oral contemporaneous agreement that the note should run two years, instead of one, as therein written, was of no validity. Defendants had the right to pay off the loan, if they so desired, in one

year after the same was made, and plaintiff could have enforced payment after the expiration of the year. Whether the contract would be usurious had the note contained a stipulation that it should run two years, with interest at twelve per cent for the first year and eight per cent for the second, it is unnecessary to decide, as that is not the case before us. Here the money was borrowed for one year, and no longer, at an unlawful rate of interest. The original contract being usurious, it is wholly immaterial that the payment of the loan was subsequently extended for another year from the maturity of the note at a lawful rate of interest. It is a rule well settled by the authorities that where the original loan is usurious, every subsequent extension of the same is likewise tainted with the vice of usury. (*Nelson v. Hurford,* 11 Neb:, 465.)

The decree appealed from is fully sustained by the evidence and is therefore

AFFIRMED.