PIERCE, WRIGHT & COMPANY, APPELLANT, v. EZRA W. DAVEY ET AL., APPELLEES.

FILED DECEMBER 5, 1894.   NO. 5348.

Usury. Where a note was given for $1,750, the amount of a loan, it being agreed between the parties to the loan that it was to bear interest at ten per cent per annum, the loan to run for five years and the note given was made to draw interest at seven per cent per annum and the sum of $208.50 was retained from the amount of the loan as and for a payment of interest in advance, and this sum, together with the seven per cent to be collected semi-annually during the existence of the loan, not amounting to more than ten per cent per annum for the amount of the loan, *held*, not a usurious transaction.

APPEAL from the district court of Knox county. Heard below before POWERS, J.

*E. A. Houston*, for appellant.

*O. W. Rice*, contra.

HARRISON, J.

The plaintiff instituted an action in the district court of Knox county to foreclose a mortgage on certain lands described in the petition, alleging, in substance, that there was due on the note secured by the mortgage sought to be foreclosed, by reason of the default of defendants in the performance of conditions of the mortgage to be performed by them, the sum of $1,750, and interest at seven per cent per annum from November 27, 1889, the date of the execution and delivery of the note and mortgage by defendants to plaintiff. The defendants in their answer state that they applied to the agent of the plaintiff for a loan and received it in the sum of $1,525, for which they were required to and did execute and deliver to plaintiff a note

for $1,750, with coupons attached evidencing the interest it was to bear, seven per cent per annum, payable semi-annually, and also executed and delivered the mortgage in suit, securing the payment of the note and its coupons; that this constituted a usurious transaction, the $225, and seven per cent per annum interest on $1,750, the face of the note given, for five years, the time of the loan, being more than ten per cent per annum on $1,525, the amount which they claim was paid to them and was the actual sum loaned. In other words, the answer was a plea of usury. To this answer the plaintiffs filed a reply, in which it was stated that the defendants made application to plaintiff for a loan of $1,800, which was approved and allowed in the sum of $1,750; that the agreed rate of interest thereon was to be ten per cent per annum; that $208.50 was retained of the $1,750 as a payment of interest in advance, or a portion of the three per cent for five years, and a part of the ten per cent interest which the loan was to bear and was so retained by and with the agreement and consent of defendants. The trial court made a finding in favor of plaintiff in the sum of $1,750, less $208.50 interest paid in advance, and rendered a decree in accordance with such finding. It seems clear that the trial court must have concluded that the defendant's plea of usury was not supported by the evidence, but that the plaintiff was not entitled to receive the interest or any part of it in advance. The evidence is very meager and unsatisfactory, but, we think, may be said to establish that the defendant made an application to plaintiff for a loan of $1,800, and the papers were afterwards executed and delivered showing the loan to be in the sum of $1,750; that of this amount defendants received the sum of $1,525, either in payment of liens upon the property or in cash. The expenses of obtaining an abstract, releases of some mortgages which were paid from the proceeds of the loan and released before plaintiff's mortgage was filed and recorded, the recording of plaintiff's mort-

gage, etc., were paid from the sum of $225, remaining of the $1,750, after deducting the $1,525 which was paid to defendants or for their benefit, and the $208.50 was, we must conclude from the evidence, as did the trial court a portion of the interest retained in advance.    As we have determined—as is evident from its finding did the lower court—that the amount of the loan was $1,750, then the seven per cent per annum for five years, with the addition of the $208.50 retained by the plaintiff, or even the $225 which is the sum that defendant contended at the trial was retained, make less than the amount of the interest at ten per cent per annum on the $1,750 for the five years, the time for which the loan was effected, and our inquiry is narrowed to the question of whether taking the interest in advance rendered the transaction an illegal one.    Section 1, chapter 44, of the Compiled Statutes is as follows: "Any rate of interest which may be agreed upon, not exceeding ten dollars per year upon one hundred dollars, shall be valid upon any loan or forbearance of money, goods, or things in action; which rate of interest so agreed upon may be taken yearly, or for any shorter period, or in advance, if so expressly agreed."    This section of our statutes was construed by this court in the case of *Rose v. Munford*, reported in 36 Neb., pages 148 to 153, inclusive, where it was said: "The construction placed upon the above provision by counsel for appellant is that when the loan is for a longer period than a year at the highest rate, the interest may be taken annually, but not in advance.    In other words, interest can be lawfully taken in advance only when the contract is to be performed within a year.    We do not yield assent to such interpretation.    The words used by the legislature have no such meaning.    The statute provides that when it is so agreed interest 'may be taken yearly, or for a shorter period, or in advance.'    The right to stipulate that the borrower shall pay interest in advance does not depend upon the time the loan runs.    To hold that it does would be inter-

polating words into the statute. The agreement in this case to pay interest annually in advance does not taint the transaction with usury." (See, also, *Tepoel v. Saunders County Nat. Bank*, 24 Neb., 815.) If the right exists to stipulate that interest shall be paid in advance, it certainly may be paid in advance or retained from the amount of the loan; and if it does not exceed the legal rate, such payment or taking of the interest in advance will not taint the transaction with usury. (See *Brown v. Scottish-American Mortgage Co.*, 110 Ill., 235; *Hoyt v. Pawtucket Institution for Savings*, 110 Ill., 390; *Telford v. Garrels*, 24 N. E. Rep. [Ill.], 573; *Fowler v. Equitable Trust Co.*, 12 Sup. Ct. Rep., 1.) Whether the doctrine that interest may be paid in advance or retained from the amount loaned would be held to cover transactions wherein the amount loaned and the time of its existence would by the application of such rule and allowing the interest to be paid or retained in advance, at the inception of the loan take it all, or so near it as to leave very little for the party borrowing, we need not say. Such is not the case before us. The amount retained was something less than three of the ten per cent, and will not sustain the defense of usury. The decree of the district court will be modified insomuch as it deducted from the amount of its finding in favor of plaintiff the sum of $208.50, and as thus modified affirmed.

JUDGMENT ACCORDINGLY.