GEORGE W. BREWSTER, APPELLANT, v. BANK OF AINS-WORTH, APPELLEE.

FILED DECEMBER 5, 1894.   No. 5821.

Usury: INTEREST ON NOTE. In a suit by the original payee of a promissory note tainted with usury, such payee is not entitled to recover any interest whatever, and can recover only the actual amount of money advanced by him in consideration of the

execution of such note, diminished by all payments of both principal and interest made thereon.

APPEAL from the district court of Brown county. Heard below before KINKAID, J.

*Tiffany & Vinsonhaler*, for appellant, cited: *Nelson v. Hurford*, 11 Neb., 465; *Koehler v. Dodge*, 31 Neb., 328; *Wilhelmson v. Bentley*, 25 Neb., 473; *Eiseman v. Gallagher*, 24 Neb., 79; *Robbins v. Muldrow*, 18 Pac. Rep. [Kan.], 64; *Kendall v. Crouch*, 11 S. W. Rep. [Ky.], 587; *Sanford v. Kane*, 24 N. E. Rep. [Ill.], 414; *Erickson v. Bell*, 53 Ia., 627; *Brown v. Waters*, 2 Md. Ch., 201.

*L. K. Alder*, contra, cited: *France v. Smith*, 54 N. W. Rep. [Ia.], 366; *Brown v. Cass County Bank*, 53 N. W. Rep. [Ia.], 412; *Mason v. Searles*, 9 N. W. Rep. [Ia.], 370; *Call v. Palmer*, 6 Sup. Ct. Rep., 301; *Yeiser v. Fulton*, 36 Neb., 518.

RAGAN, C.

George W. Brewster brought this suit in equity in the district court of Brown county against the Bank of Ainsworth, William F. Brewster, and R. L. Miller. He alleged that on the 8th day of September, 1890, he was indebted to the Bank of Ainsworth; that to secure the payment of such indebtedness he delivered to the bank certain notes owned by him which had been executed by W. F. Brewster and secured by a chattel mortgage on a printing establishment sold by him, G. W. Brewster, to W. F. Brewster; and that R. L. Miller had purchased such printing establishment and assumed the payment of said notes. He further alleged that his indebtedness to the Bank of Ainsworth had been extinguished and that the bank was threatening to enforce the collection of said notes. He prayed for an injunction restraining the bank from collecting the notes and restraining W. F. Brewster and R. L. Miller from

paying them, and that said notes might be surrendered to him.   W. F. Brewster and R. L. Miller did not appear in the case.  The Bank of Ainsworth answered, and the court found and decreed against the claim of George W. Brewster, but, in accordance with the prayer of the bank's answer, found that there was due to it from George W. Brewster a certain sum of money and rendered a decree in favor of the bank and against George W. Brewster for the amount found due and the costs of the suit.   To reverse this decree George W. Brewster appeals.

1.  It appears from the record that in April, 1887, George W. Brewster gave his note to the Bank of Ainsworth for $500, due in ninety days.   This note was given for money borrowed by Brewster from the bank at that time.  Brewster received from the bank $470 in money, $30 being reserved by the bank as interest on the $500 for ninety days at the rate of two per cent per month.   It also appears that Brewster paid the bank interest on this note at said usurious rate of interest until the 8th of September, 1890.   At that time Brewster owed the bank a balance on this $500 note of $521.60; and on that date he executed and delivered a note for said sum of money, as he contends, to the bank, and to secure the payment of this note he deposited the note of W. F. Brewster mentioned above.   This note of September 8, 1890, drew interest at the rate of two per cent per month, and was due in six months.   Brewster paid interest on it from time to time according to his usurious contract, and the bank applied some of the collections made on the collateral notes also towards the payment of the note, and it continued to run until the 9th of October, 1891. At that time Brewster was owing on the note of September 8, 1890, $498.10; and on that date he executed to the bank a note for that amount, due in thirty days, drawing interest at the rate of two per cent a month, the W. F. Brewster notes remaining in the bank as collateral security. The theory of George W. Brewster then in this case is this,

that the note which he gave the bank on the 9th of October, 1891, was a renewal of the note which he had given the bank September 8, 1890, and that note was a renewal of the first note he had given to the bank in April, 1887; that all said notes were usurious, and that he had paid the bank in usurious interest and from collateral notes a sum in excess of the $470 originally received from the bank in 1887. The bank does not deny that all said notes drew interest at the rate of two per cent a month, nor does it deny that Brewster had made payments of interest as he claimed; but the contention of the bank is this, that in March, 1890, it was pressing Brewster for the payment of his note of $500 of April, 1887, and that Brewster came to the bank asking to have it renew the loan; that it refused to do so, but that it then told Brewster that it had then on deposit some money belonging to one Uttley of Chicago, and that it would lend him a sufficient amount of Uttley's money with which to pay what he, Brewster, was owing it, the bank, and that in fact it did lend to Brewster on the 8th of September, 1890, for Uttley, $521.60; that the note that Brewster executed on that date was made to Uttley and owned by him, and that with the proceeds of this Uttley note the indebtedness which Brewster owed the bank was paid off and discharged; that when this note matured it was not paid, and that Uttley demanded his money; and that on the 9th of October, 1891, for the purpose of paying off the Uttley note, the bank loaned to George W. Brewster $498.10 and took his note therefor, and that the proceeds of that note paid Uttley's note. The court found that George W. Brewster, on the 8th of September, 1890, paid the bank in full all he owed it, and that he made that payment by borrowing the money from Uttley and for which he gave Uttley a note for $521.60 of that date; and the court further found that the Uttley note was paid by George W. Brewster on the 9th of October, 1891, with the proceeds of a note of that date for $498.10 which Brewster gave to the

bank; and the evidence supports these findings.   The court then correctly refused to allow the interest payments made by Brewster on the notes of April 1887, and of September 8, 1890, to be applied towards the discharge of the note given by Brewster to the bank on October 9, 1891.

2. There remains then only the question of the correctness of the decree of the court as to the amount which he found due to the bank from Brewster on the note dated October 9, 1891.   The court found that there was still due the bank from Brewster on this note $405.90, but the court recites in its decree that, notwithstanding this latter note was usurious, as it drew two per cent a month, he found and decreed that the bank was entitled to recover the amount of the note, $498.10, and seven per cent interest thereon from the date of the note to the date of the decree, deducting from that amount the interest payments made on the note by Brewster and credits made on the note by the bank from the proceeds of the collateral notes. In this the learned district court was in error.   Section 5, chapter 44, Compiled Statutes, 1893, provides: "If a greater rate of interest than is hereinbefore allowed [ten per cent per annum] shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the plaintiff shall only recover the principal, without interest, and the defendant shall recover costs."   The court having found that the note made by Brewster to the bank on the 9th of October, 1891, was tainted with usury, the bank then could only recover the actual amount of money which it loaned Brewster on said note, and from that amount should have been deducted all payments of interest which he had made on the note, together with any credits to which the note was entitled by reason of collections made of collateral notes, and the judgment should have been only for that amount, and would have drawn

interest at the rate of seven per cent per annum; but the bank was not entitled to any rate of interest whatever on the amount of money it had loaned Brewster on that note. The judgment of the district court is reversed and the case remanded.

REVERSED AND REMANDED.

HARRISON, J., took no part in the above decision.