HERBERT E. VAIL, APPELLANT, V. OLIVER S. VAN DOREN, APPELLEE.

FILED JUNE 18, 1895.   No. 6085.

Usury: NOTE: ANTEDATE. When parties contract for the loan of money at the highest rate of interest allowed by the law, and the note or other evidence of indebtedness is made to bear interest from date and is dated at a time prior to that when the borrower receives the money, as a device to cover usury, and the money was not withheld from investment or otherwise set aside for the use of the borrower during the period between the date of the note and the payment of the money, the transaction is tainted with usury.

APPEAL from the district court of Red Willow county. Tried below before WELTY, J.

The facts appear in the statement of the commissioner.

*R. M. Snavely* and *J. S. Phillips*, for appellant:

The dating back of a promissory note does not render the transaction usurious. (*Banks v. Antwerp*, 15 How. Pr. [N. Y.], 29; *Muir v. Newark Savings Institution*, 16 N. J. Eq., 537; *Powell v. Jones*, 44 Barb. [N. Y.], 521; *Bevier v. Covell*, 87 N. Y., 50.)

*S. R. Smith*, contra.

IRVINE, C.

This was an action by Vail to foreclose a mortgage made by Van Doren to one G. B. Bell, to secure a note for $700, dated December 5, 1885, and payable five years after date, with interest at seven per cent, payable semi-annually. Van Doren pleaded usury, and the court found for him on this issue, allowing Vail only his principal less the interest payments which had been made by Van Doren. The plaintiff appeals.

Where usury is the defense, the burden is upon the plaintiff to show that he is a *bona fide* purchaser of the note. (*Wortendyke v. Meehan*, 9 Neb., 221; *Violet v. Rose*, 39 Neb., 660, and cases there cited.) The plaintiff neither pleaded nor proved that he was a *bona fide* purchaser from Bell, so that question is removed from the case. It appears that Van Doren approached one J. W. Dolan, seeking a loan of money. Dolan negotiated the loan, and the evidence clearly sustains the court's finding that in so doing he acted as Bell's agent. At the time the application was made Dolan lent to Van Doren $200, the money either of Dolan himself or of a bank with which he was connected. Usurious interest, Van Doren testifies, was charged on this $200, but it may be dismissed from consideration, because the evidence shows that this was not a part of the Bell loan, and was entirely separate therefrom. About three weeks after the application was made the note

and mortgage were executed and the money paid to Van Doren, Dolan, however, withholding enough therefrom to repay himself the $200, and also a sum equal to three per cent interest on the $700 for five years. The evidence shows that the parties contemplated a loan at ten per cent interest, and that the three per cent so withheld in advance was Dolan's commission. It is probable, so far, that nothing in the way of usury appears. (*Pierce v. Davey*, 43 Neb., 45.) But the evidence shows that while the note was dated December 5, 1885, and made to bear interest from that date, the money was not received by Van Doren for three weeks later. The appellant contends that this was because Van Doren had not perfected title to his land, that the money was during that period set apart for the loan, and that its payment was deferred simply on account of Van Doren's failure to perfect his title sooner. It is argued that under such circumstances the antedating of the note did not taint the transaction with usury. Unfortunately for this contention, it is entirely without evidence to support it. The note, we repeat, was dated December 5, the application for the loan made December 7, and Van Doren testifies that he perfected title to his land three days thereafter. Dolan was on the stand and does not contradict this. It nowhere appears that the money was placed at Van Doren's disposal at any time before he actually received it; or that it was withheld from investment elsewhere for the purpose of this loan. On the contrary, it does appear that when the application was made Dolan informed Van Doren that he would have to arrange for procuring the money from the east. In view of this evidence and the finding of the trial court, the only fair inference is that the money was not set apart on the 5th of December, or at any time until the transaction was consummated, and that the antedating of the note was a device to cover usury. The full legal rate of ten per cent having been reserved and the note having been antedated so

that the full legal rate for five years would be collectible as interest, while the loan would not, in fact, run five years, the finding of the trial court that the transaction was usurious was correct. The fact that only a small excess of interest was reserved does not affect the case.

JUDGMENT AFFIRMED.