FARMERS BANK OF KEARNEY V. EDWARD OLIVER.

FILED SEPTEMBER 23, 1898. No. 8271.

Usury: RENEWALS: DEFENSE TO NOTE. Where a usurious loan has been repeatedly renewed, and the notes evidencing the indebtedness have been taken in the name of a bank, or of its cashier, indifferently, and each transfer has been after due, the holder of the final note, who prosecutes the action, does so subject to any defense of usury which might have been set up against said note or any of its antecedents.

ERROR from the district court of Buffalo county. Tried below before SINCLAIR, J. *Affirmed.*

*Dryden & Main,* for plaintiff in error.

*E. C. Calkins, H. V. Calkins,* and *F. G. Hamer, contra.*

RYAN, C.

This action was brought in the district court of Buffalo county by the Farmers Bank of Kearney on a promissory note of date August 16, 1893, payable December 16, 1893, to S. H. Graves or order. The defense was usury, and the evidence was not conflicting that there was usury, but there was a contradiction as to the rate per cent charged and collected in excess of the maximum allowed by stat-

ute. The note sued on was one finally given after a series of renewals. When the first note in the series was made, which was May 4, 1884, S. H. Graves and H. J. Robbins were the payees. From that time until July, 1889, Graves conducted the banking business as the successor of Graves & Robbins. At the date last named the Shelton Bank was actually incorporated, though during the time when Graves alone was conducting the business he used the name of the Shelton Bank. It is unnecessary to discuss the rights of innocent purchasers of usurious notes, for there was none such in this case, for the Shelton Bank, after its incorporation, was managed by Graves as its cashier, and whenever there was a transfer in the course of the several transactions it was of a note past due by its terms. Mr. Graves testified as a witness for Oliver, and in his testimony stated that the first loan to Mr. Oliver, May 4, 1884, was of $1,215. The next loan was on September 5, 1885, of $617.72. On August 4, 1886, there was a further loan of $351.75. On August 19, 1887, there was still another loan of $781.05. And on May 12, 1888, there was a loan of $519. On May 29, 1888, there was a loan of $578.42. On January 17, 1890, there was a note made for $152.75, of which $121 had been evidenced by a small note. The defendant testified that he paid interest at the rate of 18 per cent per annum for three years, and thereafter at a less rate, decreasing to 12 per cent per annum, which last named rate was paid on the final note. Some of these payment were made in cash and some were included in the renewals. It was admitted by Mr. Graves that there had been a payment of $2,500 on August 16, 1893. Now, giving him credit for all the money he would testify there was actually loaned, the sum total is $4,094.69, from which having deducted the payment of $2,500 there remained $1,594.89 of the principal without reference to interest. The evidence was not explicit or satisfactory as to the amounts of interest paid. The jury evidently accepted the general statement of Mr. Oliver as to the rate per cent at which

he paid during deferred periods, and the amounts thus fixed exceeded the face of the note sued on.

It is however insisted—and one citation* is made of an adjudicated case, which perhaps somewhat tends to es-. tablish the proposition—that, as the transaction at one time branched into two notes, one of which was over-paid by the $2,500 payment, the proportioned usury on that note could not be availed of by the defendant on this note. The transactions were treated by Graves as indivisible, and the taking of the two notes was a mere matter of his own convenience. The defendant in error, it was stipulated, took the note in suit after its maturity. He was therefore in the same situation that his grantor would have been in had he sued, and the note was subject to the same defense of usury.

There is found no error in the record, and the judgment of the district court is

AFFIRMED.

---
* *Aiken v. Waco State Bank*, 16 S. W. Rep. [Tex.] 747.