JULIAN S. ALLEN ET AL., APPELLANTS, V. PRISCILLA DUNN ET AL., APPELLEES.

FILED MAY 5, 1904. No. 13,474.

1. **Mortgage Foreclosure**: NONNEGOTIABLE INSTRUMENTS. A mortgage securing a note containing a provision that, in case any taxes or assessments shall be levied against the legal holder of the indebtedness on account of the loan within the state in which the mortgaged property is situate, the party of the first part will pay the same, renders the note nonnegotiable.

2. **Note and Mortgage**: NOTICE. A note and mortgage executed at the same time and as parts of the same transaction will be construed together, and the purchaser of the note and mortgage will be charged with knowledge of the contents of the mortgage.

3. **Usury.** Contract for the loan of money as set out in the opinion, *held* to be usurious.

4. ———. There is no authority under the laws of this state for the taking of interest on any loan or forbearance of money for more than one year in advance, for the purpose of obtaining more than the legal rate of interest on the money loaned.

5. **Answer**: SUFFICIENCY. An answer will be liberally construed with a view to upholding it as stating a defense, if its sufficiency is challenged for the first time on appeal.

6. **Evidence.** Evidence examined, and *held* sufficient to sustain the plea of usury.

APPEAL from the district court for Garfield county: JAMES N. PAUL, JUDGE. *Affirmed.*

*J. A. Douglas* and *Guy Laverty,* for appellants.

*C. I. Bragg* and *E. J. Clements, contra.*

KIRKPATRICK, C.

On the 4th day of September, 1886, Priscilla Dunn procured a loan of $600 from the American Investment

Company.  A note and mortgage were executed to P. O. Refsil, who seems to have been acting as a trustee for the investment company.  A mortgage was given on certain lands in Garfield county to secure the loan.  Soon after the note and mortgage were made, they were sold to the trustees of the estate of William S. Pierson.  Subse-quently, and after the commencement of this foreclosure proceeding, the trustees died, this cause having been re-vived in the name of the present appellants.

The defense interposed by the appellees is that the con-tract for the loan was usurious.  The trial court so found, and the cause is brought to this court on appeal.  The correctness of the judgment of the trial court is chal-lenged upon three grounds:  First, that the trial court erred in adjudging the contract usurious; second, that, even if it is usurious, appellees failed to establish this defense by competent evidence; third, that, in any event, the note and mortgage were sold long before maturity, for value, in the usual course of business, and, for that reason, the defense of usury can not be successfully interposed.

Regarding the contention last mentioned, it is disclosed that the mortgage contains a provision in the language following:  "It is further agreed that, in case any taxes or assessments shall be levied against the legal holder of this indebteness on account of this loan, within the state or territory in which the property mortgaged shall be situate, the said party of the first part agrees to pay the same."  The note and mortgage were executed on the same day, and are parts of the same transaction, and must be construed together.  In the case of *Consterdine v. Moore*, 65 Neb. 296, this court had under consideration a mortgage containing a condition identical in language with that quoted above; and in that case it was expressly held, that such a provision in a mortgage rendered the note which it secured, the note and mortgage being parts of the same contract, nonnegotiable.  To the same effect is *Garnett v. Meyers*, 65 Neb. 287.  We are content with the doctrine announced in these cases, and upon their

authority the note in controversy is nonnegotiable, and it follows that appellants are in no better position than the payee named in the note.

The first question argued by appellants, and mentioned as first in this opinion, is, whether the transaction as detailed by appellees is, in fact, usurious. The testimony discloses that appellees desired a loan of $600. There is some uncertainty under the evidence, whether the written application for the loan signed by appellees was for $600 or for $690. But, in any event, appellees only desired a loan of $600, and this is the amount of money received. The note and mortgage which appellees executed were for $690, and drew interest at the rate of 7 per cent. per annum. The interest paid by appellees was $48.30 a year, or a total for 5 years of $241.50. Add to this the $90 which was added to the face of the note as principal, and which appellees never received, and it will make the interest on the $600 for 5 years $331.50; or $31.50 more than 10 per cent. interest on $600 for 5 years.

It is contended on behalf of appellants that adding the $90 to the principal was simply taking 3 per cent. in advance for the 5 years, and that under the statute this is permissible. We do not think that the contention made can be sustained under the statute fixing the rate of interest that may be charged. Section 1, chapter 44, Compiled Statutes (Annotated Statutes, 6725), concerning interest, is in the following language: "Any rate of interest which may be agreed upon, not exceeding ten dollars per year upon one hundred dollars, shall be valid upon any loan or forbearance of money, goods or things in action; which rate of interest so agreed upon may be taken yearly, or for any shorter period, or in advance, if so expressly agreed." This section authorizes the taking of interest annually, or for a shorter period, or in advance, if expressly so agreed; but we fail to find therein any authority for taking interest for 5 years in advance. The $90 added to the note as principal, together with 7 per cent. on the $600, which appellees actually received,

would just equal 10 per cent. on the $600 loan for the period of 5 years. By the terms of the contract entered into between the parties, the mortgagee each year received $6.30 upon the $90 added to the face of the note, and which appellees had never received — more than 10 per cent. This was a mere device to enable the payee to collect more than 10 per cent. interest on the money loaned, and taints the transaction with usury.

We have made a careful examination of the authorities cited by appellants and find none which sustain the doctrine contended for, so that we do not deem an extended discussion of the cases necessary. It is quite clear that under our statute the taking of interest for more than one year in advance is unauthorized, if by such action more than 10 per cent. interest is received.

It is finally contended that, even though usury did in fact exist in the transaction, yet, the burden of establishing that fact is upon the appellees, and that they have failed in the proof. From a careful examination of the entire record, we are of opinion that the finding of the trial court upon that question is clearly right. On the oral argument of the cause, it was contended by appellants that the answer filed in the case is insufficient as a plea of usury. This question is not presented in the briefs, and seems not to have been brought to the attention of the trial court. Under this state of the facts, the answer will be liberally construed, with a view to upholding it as stating a good defense, and, so construed, it is sufficient as a plea of usury. From an examination of the entire record, we are convinced that the judgment of the trial court is right. It is therefore recommended that the judgment be affirmed.

DUFFIE and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.