ADAMS *v.* NOEL.

1. ACCOUNT STATED — DISPUTED ITEMS DOES NOT PREVENT AC-
COUNT FROM BECOMING ACCOUNT STATED AS TO ADMITTED ITEMS.
   The mere fact that one or more items in an account are
   disputed does not prevent the account from becoming
   an account stated as to all the items admitted to be
   correct.[1]

2. APPEAL AND ERROR—TRIAL—STATEMENTS OF JUDGE NOT PREJU-
DICIAL.
   Statements of the trial judge, *held*, not prejudicial, when
   all of the statements made throughout the trial are con-
   sidered in connection with the charge as given, which
   was free from prejudicial error.[2]

Error to Kent; Perkins (Willis B.), J.   Submitted
January 7, 1926.   (Docket No. 38.)   Decided March
20, 1926.

Assumpsit by Harry A. Adams against John S.
Noel, doing business as the John S. Noel Company, on
an account stated.   Judgment for plaintiff.   Defend-
ant brings error.   Affirmed.

*M. Thomas Ward,* for appellant.

*Dunham, Cholette & Quail,* for appellee.

CLARK, J.   Plaintiff was employed by defendant.
His commissions, withdrawals and expenses were
spread over a considerable period of time, related to
more than 1,000 transactions, and required a large
number of entries in his account, kept by defendant.
The relation ended.   Plaintiff claimed a balance due.
The parties met to adjust their differences.   Defend-
ant furnished to plaintiff a statement of the account

[1]Accounts and Accounting, 1 C. J. § 260; [2]Appeal and Error, 4
C. J. § 2937.

showing a balance due.     There is evidence that plaintiff accepted the statement and agreed that it was correct, except as to three items charged against plaintiff and that as to those items the parties did not agree.     This suit followed.     Plaintiff's theory of recovery at the trial was on account stated as to all of the account except the three items, and that they were improperly charged against him and that he was entitled to recover a balance which would be shown by the statement of account if the three items were eliminated.     Defendant's theory at the trial was that there was no account stated either in fact or law, and that the whole matter as an open account was for the jury.     The various contentions of fact were submitted to the jury.     Plaintiff had verdict and judgment.

Defendant brings error, and says:

"It is the contention of the defendant that there could not have been an account stated between the parties unless the     *     *     *     statement (furnished by defendant) had been agreed upon in all its items and that the disputed items could not be disregarded and the rest of the account be taken as an account stated."

And he cites authorities, including *Tioga Manfg. Co.* v. *Stimson,* 48 Mich. 213.

Plaintiff contends for the rule of *Graham* v. *Chubb,* 39 Mich. 417, quoting syllabus:

"An account stated, or a note given for the amount, need not cover all dealings or dealings on both sides."

It is difficult to reconcile these two cases.     We think the weight of authority supports the rule of the *Graham Case,* as stated fully in 1 R. C. L. p. 210:

"While there is some authority to the effect that it is not enough to constitute an account stated that it may contain some items conceded to be correct when at the same time other items are disputed, but all

items must be conceded to be true, the general rule is that the mere fact that one or more items in an account are disputed does not prevent the account from becoming an account stated as to all the items admitted to be correct. In other words the balance found need not be complete and final, for in the last analysis an account stated is nothing more than an agreement between the parties as to the items considered. If the agreement is that the balance found is final and complete, it constitutes an account stated as to every item; but, upon the other hand, a court cannot limit the right parties have to make such lawful contracts as they choose, and, therefore, to agree as to certain items and leave open for adjustment or adjudication other items."

The substance of this rule is taken, it seems, from a well reasoned case, *Ingle* v. *Angell*, 111 Minn. 63 (126 N. W. 400, 137 Am. St. Rep. 533, 20 Ann. Cas. 625, and note). See, also, 1 C. J. p. 683.

We think plaintiff was not precluded in law from claiming, as he did, an account stated. Many errors are assigned on remarks of the judge made in the presence of the jury, chiefly in colloquy between court and counsel. The matter in its entirety covers many pages of the printed record. It cannot well be set forth here. The judge, in the early part of the trial, seems to have taken plaintiff's view of the questions involved, but defendant's counsel contended for the theory of the defense, and that the evidence in support of it should be received and submitted to the jury. Defendant's counsel finally prevailed. The case was submitted to the jury in a charge in which we find no prejudicial error. Considering all of the statements of the trial judge made throughout the trial in connection with the charge, we are not persuaded that defendant suffered prejudice thereby.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.