STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, PLAINTIFF, V. SECURITY STATE BANK OF EDDYVILLE, DEFENDANT: F. J. CLEARY, RECEIVER, APPELLEE: GEORGE JOHNSON, CLAIMANT, APPELLANT.

FILED NOVEMBER 10, 1927. No. 25079.

*John A. Miller* and *E. L. Randall*, for appellant.

*C. M. Skiles* and *Horth, Cleary & Suhr*, contra.

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

This is an appeal from an order of the district court for Dawson county, Nebraska, disallowing a claim in favor of the claimant, designated herein as plaintiff, and against the depositors' guaranty fund in the sum of $5,000.

The following facts are disclosed by the record: For a number of years the plaintiff had deposits with the Security State Bank of Eddyville. These were evidenced by the usual form of certificates, upon all of which interest in excess of 5 per cent. per annum had been received by plaintiff. Plaintiff claims that the excess interest had been promised and paid him by the officer in charge of the bank in his private capacity. However, there is no question but what the excess interest was, in fact, paid by the bank and credited to plaintiff's account. During this period of time plaintiff also carried a checking account with this bank upon which no

interest was ever promised or paid. On July 7, 1923, there was a balance in this account of $1,132.44. On that date plaintiff cashed a certificate of deposit issued to him by this bank and deposited the proceeds amounting to $4,-014.63 in his checking account, making a total then in that account of $5,147.07. On August 4, 1923, a representative of the bank entered into an agreement with the plaintiff by the terms of which plaintiff was to take out a certificate of deposit in the sum of $5,000 and to receive interest thereon from July 7, 1923, at 5 per cent. per annum. Pursuant to this arrangement a check was drawn by the plaintiff, and the certificate was issued by the bank in return therefor to the plaintiff. This certificate of deposit thus issued by the bank bore interest, according to its express terms, at 5 per cent. per annum from July 7, 1923, was dated August 4, 1923, and matured six months after date.

The district court denied recovery against the depositors' guaranty fund, and that ruling as applied to the $5,000 certificate of deposit is the matter presented for determination to this court.

Section 8008, Comp. St. 1922, provides: "No banking corporation transacting a banking business under this article shall pay interest on deposits, directly or indirectly, at a greater rate than five per cent. per annum."

This court is committed to the doctrine that a deposit made in violation of this statute is thereby removed from the protection of the depositors' guaranty fund. The controlling question here presented is, does the certificate of deposit, dated and actually issued pursuant to a contract or arrangement first made and entered into on August 4, 1923, payable six months after date, stipulating on its face for interest at 5 per cent. per annum from July 7, 1923, violate the statute before us? Obviously the effect of the arrangement is to secure for the depositor approximately 6 per cent. interest for the six months during which the bank is entitled to hold the deposit. It would follow therefore that the transaction before us is inhibited by the terms

of the statute, and that the ruling of the district court is right.

We have not overlooked the authorities cited by the plaintiff to sustain his position, viz.: *Ewing v. Howard,* 7 Wall. (U. S.) 499; *Ansley v. Bank of Piedmont,* 113 Ala. 467; *Graham v. Chubb,* 39 Mich. 417. It must be noted, however, that none of these authorities construes statutes similar to the one before us. And, indeed, the principles which they announce do not appear to sustain the position in support of which they are cited.

In *Ewing v. Howard, supra,* the judgment was for the plaintiff in the court below. The defendants in that court sued out a writ of error and removed the cause to the supreme court of the United States. The principal reason urged in the supreme court for the reversal of the judgment of the court below was: "That the first note described in the bill of exceptions is illegal, because the makers of the same promised to pay interest on the principal at the rate of ten per cent. per annum, commencing the computation two months and a half before the date of the note." In discussing the question presented, Justice Clifford, in delivering the opinion of the court, said in part:

"Argument for the defendants is that the contract is usurious, and that, inasmuch as the loaning of money at a greater rate of interest is prohibited by law, and the violation of the provision is declared to be a misdemeanor, the contract expressed in the note is illegal, and that the judgment should have been for the defendants. Suppose it be admitted that the presumption is as contended by the defendants, that the note was given for the loan of money, and that the contract is illegal, still the presumption is not a conclusive one, as the note may have been given for the purchase of goods, chattels, or lands, and the bargain may have been made and the property actually transferred on the exact day specified in the note, as the time from which interest is to be computed. Promissory notes, if given under those circumstances, though bearing interest anterior to their date, are neither usurious nor illegal, unless the day

described in the contract from which to compute the interest is anterior to the actual date of the transaction and the transfer of the subject-matter of the purchase and sale, and it is quite clear that promissory notes in such a case, as between the original parties, are open to explanation."

Under these facts the supreme court of the United States, in view of the reasons advanced, sustained the judgment rendered upon this note.

In the case here presented, it is admitted that the date of the actual transaction was August 4, 1923. So it would appear that the principles announced in the decision quoted are not in point, and, indeed, might be considered as reasoning opposed to defendant's position.

In *Ansley v. Bank of Piedmont, supra,* we have a situation similar to the case last discussed. In fact, the reasoning of the Alabama court plainly appears in the following paragraph of that opinion:

"The plea of usury is objectionable. The note was given for the purchase of land. There was no question of the loan of money in the transaction. It may be that the notes as written represent truly the purchase price as agreed upon. It does not follow as a matter of law that a note antedated is usurious. Much depends upon the nature of the transaction and the intention of the parties. If the note was antedated, merely to avoid the law of usury, it would be usurious, but facts should be averred, followed by an averment that it was done with a usurious intent."

In view of the "nature of the transaction and the intention of the parties" as reflected by the record in the instant case, it can hardly be said that *Ansley v. Bank of Piedmont, supra,* sustains appellant's contention.

*Graham v. Chubb, supra,* is more nearly in point. In that case the supreme court of Michigan, under the facts before them, and construing the statutes of that state controlling that subject, held: "There is nothing to prevent parties to a note from allowing back interest upon the debt at the same rate that would be lawful for the future." However, in view of the facts of the present record, we are not

able to say affirmatively that the district court erred in its conclusion that the acts of plaintiff in the transaction and the certificate of deposit, itself, was but a device for avoiding the terms of our statute.

In fact, if we are to adopt the conclusion that the authorities on the subject of usury are controlling, the case of *Vail v. Van Doren,* 45 Neb. 450, would appear to be in point. In that case this court held:

"When parties contract for the loan of money at the highest rate of interest allowed by the law, and the note or other evidence of indebtedness is made to bear interest from date and is dated at a time prior to that when the borrower receives the money, as a device to cover usury, and the money was not withheld from investment or otherwise set aside for the use of the borrower during the period between the date of the note and the payment of the money, the transaction is tainted with usury."

In the present case the certificate of July 7, 1923, the proceeds of which entered into the checking account, bore interest in excess of 5 per cent. When it was collected from the bank by the plaintiff, he did not renew the certificate, but placed the moneys received in his checking account. By so doing he retained the absolute disposition of it. He could demand it at any time he desired. He was under no obligation to permit the bank to retain it in its possession. On July 7, 1923, the deposit he made on that date was in no manner set aside for use of the defendant bank as a time deposit. His then contract secured him no interest. Such a contract first came into being on August 4, 1923. Prior to that time the rights of the parties were fixed by the facts surrounding the check deposit. On August 4, 1923, a new deposit was made and new rights were created, and separate, distinct and unconnected arrangements were entered into. One of the essential facts of the changed relation was, that by the terms of the new contract the plaintiff was to receive seven months' interest at 5 per cent. for a six months' deposit. This arrangement, under the circum-

stances of this case, was plainly within the reason as well as within the express prohibition of the statute quoted.

Therefore, the district court was right, and its judgment is                                                                                      AFFIRMED.