NELLIE C. DETWEILER, APPELLANT, V. MASHA FORMAN ET AL., APPELLEES.

FILED MARCH 6, 1931. No. 27527.

*Weaver & Giller,* for appellant.

*Leon & White, George B. Thummel* and *Merrow & Murphy, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

Dean, J.

February 2, 1925, Celik Forman and Masha Forman, husband and wife, executed and delivered a mortgage deed to John O. Detweiler in the principal sum of $18,770, to secure the payment of two certain promissory notes in the several sums of $12,770 and $6,000, respectively, for a loan of money made by Detweiler to the Formans. Each of the above notes by their respective terms bears interest at the rate of 7 per cent. per annum until due, and 10 per cent. per annum after the due dates and from thence until paid in full. The $12,770 note was assigned and delivered by Detweiler to his wife, Nellie Detweiler, May 9, 1927, and she is now the owner and holder of the note. And the $6,000 note above mentioned was sold, assigned, and delivered by Detweiler to Eva Beach, who is now the owner thereof. Celik Forman died in June, 1927, and John O. Detweiler died the same year.

Nellie Detweiler began this action in the district court for Douglas county against Masha Forman and the estate of Celik Forman, deceased, to foreclose the $18,770 mortgage. And Eva Beach, by her cross-petition, alleges that she is an innocent purchaser for value of the $6,000 note, and she seeks to recover the amount due her on the above note, with accrued interest. Masha Forman, in her answer, admitted the making and execution of the mortgage and the notes herein above named. But she contends that the money was loaned by Detweiler to her and her husband jointly, for the payment of a commission and interest which together exceeded the lawful rate of 10 per cent. And she further alleges that the notes and obligations arising there-

from were and are so tainted with usury that nothing· is therefore due thereon.

The trial court found that the above $18,770 mortgage represented a renewal of three prior mortgages and notes thereto attached, but that all of the indebtedness arising from the obligations under the terms of the $12,770 note had been paid off and discharged and that nothing was due and owing from the defendant Masha Forman to plaintiff Nellie Detweiler. But, in respect of the $6,000 note owned by Eva Beach, the court found that this note was bought by the purchaser without knowledge that it was tainted with usury and that she should therefore recover for the face value of the note with interest. And the court also decreed that Eva Beach, as the owner of the $6,000 note, should have a prior mortgage lien on the mortgaged premises to secure her loan. From the judgment so rendered Nellie Detweiler has appealed.

Mrs. Forman alleges that the $18,770 mortgage represented the balance due to Detweiler on three prior notes, above mentioned, that were later merged into and evidenced by the two notes in suit, in the sums of $6,000 and $12,770, respectively. The three notes above mentioned represented loans by Detweiler to the Formans in the following sums, namely, one for $3,600, one for $5,800, and one for $14,000. In her answer, however, Masha Forman alleges that only $3,300 was ever handed over to her and her husband on the above named $3,600 loan, and that the $300 difference was a commission charged by Detweiler; that $12,000 only was actually paid to them on the $14,000 loan, and that $2,000 represented a commission; and that only $5,200 and no more was actually loaned to her and her husband on the $5,800 note, and that the difference of $600 represented a commission which Detweiler charged for making the loan. Plaintiff Nellie Detweiler, however, denies that the three original notes were tainted with usury and that the two renewal notes· in suit were therefore likewise usurious.

In respect of the note for $14,000, that being one of the three loans later evidenced by the $18,770 mortgage, as

hereinbefore pointed out, Mrs. Forman testified that her husband solicited a loan for only $12,000, but that Detweiler told the Formans he would not consider making such a loan for less than a $2,000 commission, and the note was thereupon drawn up pursuant to Detweiler's proposal in the sum of $14,000, to the end that the $2,000 commission should be included therein.

The total amount of interest paid on the $14,000 note appears from the record to have been $3,988.31. But the total amount of money actually loaned to the Formans on the $14,000 note appears to have been only about $12,153.-34, as shown by canceled checks. The difference between the amount of $14,000 named in the note and the $12,-153.34 actually loaned approximates $1,846, and the latter sum represents Detweiler's commission which, with the interest of $3,988.31 included, makes a total sum of $5,-834.31 paid to Detweiler. This exceeds the 10 per cent. maximum interest which the law allows upon a loan of money and clearly taints the $14,000 note with usury.

Substantially the same computation was employed in arriving at the amount of interest and commission charged by Detweiler on the $3,600 and $5,800 notes, which were later merged into the $18,770 mortgage in suit.

The ultimate proposition to be determined in the present case is whether the loans by Detweiler to Forman exceeded the lawful rate of interest at 10 per cent. per annum and, if so, whether the three original notes or loans tainted the later mortgage and loans with usury. In this jurisdiction we have long held to this proposition:

"Every subsequent security given for a loan originally usurious, however remote or often renewed, is subject to the plea and proof of usury; and when the proof of usury in such case is sufficient, the court will apply all payments of interest upon such usurious loan as a payment, *pro tanto,* of the principal thereof." *Nelson v. Hurford,* 11 Neb. 465. See, also, *Knox v. Williams,* 24 Neb. 630; *Exeter Nat. Bank v. Orchard,* 39 Neb. 485; *McDonald v. Aufdengarten,* 41 Neb. 40; *Farmers Bank of Kearney v. Oliver,* 55 Neb. 774.

In *Allen v. Dunn,* 71 Neb. 831, we held that the taking of interest more than one year in advance to the end that

more than the legal rate of interest might be obtained constituted an unlawful and usurious transaction. And it has long been established that where usury has been practiced the plaintiff is not entitled to recover any interest, but can recover only the actual amount of money loaned by him, diminished by payments of principal and interest on the debt. *Male v. Wink,* 61 Neb. 748; *Brewster v. Bank of Ainsworth,* 43 Neb. 79; *Koehler v. Dodge,* 31 Neb. 328; *Interstate Savings & Loan Ass'n v. Strine,* 58 Neb. 133; *Vail v. Van Doren,* 45 Neb. 450.

In the present case the sums of money named in the promissory notes in suit exceed the sums actually loaned to the defendant and her deceased husband, and such excess represents commissions demanded by Detweiler and paid by Forman which, when added to the interest, aggregate more than the rate of interest at 10 per cent. per annum. It follows that the notes in suit were and are thereby tainted with usury. And when an initial note given for a loan of money is usurious, a renewal of such note is likewise tainted with usury. It is elementary that, where usury is established, as in the present case, the amount of the commission which the lender obtained and all interest payments as well are to be applied on the principal indebtedness. From the fact that it clearly appears that the excess payments demanded of the borrower and the amounts paid by him as interest and commissions exceed the amount of the note as executed therefor, it follows that the defendant cannot recover anything on her $12,770 note, that having been satisfied in full before this action was commenced. In respect of the $6,000 note, however, it is clearly shown that Eva Beach purchased such note without knowledge of the fact that it was tainted with usury, and it therefore follows that she is entitled to recover the amount of her note with lawful interest.

The judgment is right and is in all things

AFFIRMED.