MOFFITT-HARRISON BUILDERS, INC., A CORPORATION, APPELLANT, v. CHARLES L. SANDMAN ET AL., APPELLEES.

129 N. W. 2d 524

Filed June 26, 1964. No. 35610.

Sarah Jane Cunningham, for appellant.

Daniel E. Owens, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

Plaintiff and appellant, Moffitt-Harrison Builders, Inc., a corporation, brought this action to foreclose a chattel mortgage securing a note executed by both Charles L. Sandman and Marilyn Sandman, husband and wife, defendants and appellees.

The defendants' answer and cross-petition, insofar as need be considered here, alleged the note sued upon was usurious and void, and asked that it be canceled and the defendants recover all payments made thereon.

There were other allegations in the cross-petition which defendants claimed entitled them to damages but the trial court held they were not properly a part of the action and no appeal or cross-appeal was taken from its ruling thereon. It is conceded the validity of the note and mortgage in the plaintiff's petition set out is the sole question before us.

The trial court held that the note sued upon was void as usurious and defendants were given judgment canceling the note and mortgage and recovery of $1,745.64, being the amount of 18 monthly installments of $96.98 paid thereon.

From this judgment plaintiff has appealed to this

court contending the trial court erred in finding the note sued on was usurious and because thereof canceling the note and chattel mortgage and rendering judgment against the plaintiff for the amount of the payments made by the defendants.

We sustain this assignment of error.

There is no substantial dispute in the evidence herein. Prior to the incorporation of the plaintiff, Donald L. Moffitt and Stewart C. Harrison, acting as partners who since have acquired all of the capital stock of the plaintiff, sold a building and equipment to the defendants for the purpose of operating an egg production business, referred to at the trial as an "egg factory." Defendants contend the partners agreed to provide funds with which to finance the transaction and that part of the purchase price which was not paid in cash was secured by a real estate mortgage given to and held by a finance company not a party to the suit and not involved in this action.

The downpayment of $4,050 was procured by the note and the chattel mortgage securing it upon which plaintiff brought suit. It was borrowed by the defendants from the McCook National Bank, McCook, Nebraska. The defendants themselves went to the bank and executed the note and chattel mortgage although the partners had requested that they do so and had conferred with the bank. Defendants' note was to the bank as payee in the sum of $5,818.80. They received therefor a cashier's check from the bank for $4,050 payable to Charles L. Sandman which was thereafter endorsed by him. The defendants also took out health and accident insurance, the premium for which was $605.16, which sum was included in the principal of the note. It was payable in monthly installments of $96.98 each over a period of 60 months beginning September 18, 1959. The note was guaranteed by the partnership, which was the predecessor of the plaintiff and engaged in the same business, by endorsement "with recourse."

The balance included in the note of $5,818.80 was interest in the sum of $1,163.64 for 60 months computed and added in advance. The note bore no further interest until maturity and 9 percent thereafter.

The last payment was made on March 22, 1961, and there were two payments of $96.98 then in default as defendants had not paid the installment which was due in February. No further payments were made to the bank. The McCook National Bank on May 11, 1962, deducted the sum of $475.94, being the unearned charges of interest, and made demand on Donald L. Moffitt and Stewart C. Harrison, the members of the partnership which had endorsed the note, then doing business as Moffitt-Harrison Builders, Inc., for the balance due on the note in the sum of $3,500.24, which amount the corporation paid. Later on June 4, 1962, it secured a written assignment of the note and mortgage. No payments were made by the defendants subsequently to the transfer although demand had been made therefor.

Computing the interest on the original sum of $4,655.16 borrowed ($4,050 cash, plus $605.16 insurance), at 9 percent to September 18, 1959, when the first payment was due, shows $51.21 interest and $45.77 part principal, for a total payment of $96.98, which being deducted leaves a balance then due of $4,609.39. Similar computations made on the declining balance left owing after payments were credited each month show that throughout the 5 years with similar constant payments the loan would be paid September 18, 1964, approximately 5 years from the date, and the amount of interest collected during the term at 9 percent simple interest would be $1,184.55, or approximately $20 more than the interest for the term collected in advance. Indeed it was conceded in argument by defendants that the interest added to the note at its execution did not exceed 9 percent simple interest for the term. The McCook National Bank was not licensed under the provi- ·

sions of the Installment Loan Act, sections 45-114 to 45-155, R. R. S. 1943.

The defendants contend and the trial court found, however, that the note was usurious for failing to comply with sections 45-114 to 45-155, R. R. S. 1943, and particularly with section 45-138, R. R. S. 1943, in that the note was not due and payable within a period of 36 months from the date thereof.

In Pattavina v. Pignotti, *ante* p. 217, 128 N. W. 2d 817, this court set out certain rules applicable to the case before us. "To constitute usury it is essential that an excess of the maximum legal rate of interest be exacted.

"When the sum named in a promissory note, which was given for a loan of money, exceeds the sum actually loaned by the lender to the borrower, and if such excess when added to the interest charged aggregates more than the rate lawfully allowed for the period of the loan, the note is usurious. If such aggregate be equal to or less than the maximum legal rate permitted to be charged, the note is not tainted with usury.

"A loan of money by a nonlicensee under the provisions of the Installment Loan Act, sections 45-114 to 45-155, R. R. S. 1943, which does not exact interest and charges in excess of 9 percent per annum, is not within the inhibitory provisions of such act."

The court in that case stated: "A nonlicensee is not required to comply with the provisions of the act regulating licensed lenders, such as maintaining a prescribed place of business, or complying with the rules and regulations of the Department of Banking, or other provisions purely regulatory of licensed lenders. It was not the intention of the Legislature to impose regulations on nonlicensees making loans at a rate of interest that does not exceed 9 percent per annum. It was never intended, as we view it, to include within the act persons who were not required to obtain a license, who made loans in the traditional manner at 9 per-

cent per annum or less, such as amortized real estate loans, bank-term loans, interfamily loans, and others, simply because they were payable in installments. The general purpose of the act was to provide a means for charging interest in excess of 9 percent per annum, to regulate licensees engaging in the lending business under the act, and to provide penalties for violations of the act. A nonlicensee, by the holding of this court, who made an installment loan in excess of 9 percent per annum, is subjected to the penalties of the act, but not to the regulations imposed on a licensed business."

In Pierce, Wright & Co. v. Davey, 43 Neb. 45, 61 N. W. 92, this court held that when the interest collected in advance added to that to be collected during the term did not exceed the lawful rate over the entire term, the note was not usurious. The opinion further stated: "If the right exists to stipulate that interest shall be paid in advance, it certainly may be paid in advance or retained from the amount of the loan; and if it does not exceed the legal rate, such payment or taking of the interest in advance will not taint the transaction with usury." Cases are cited.

Neither is the note in the case before us usurious because it provides interest after maturity. See Western Securities Co. v. Naughton, 124 Neb. 702, 248 N. W. 56, which cited the following cases on that question: Havemeyer v. Paul, 45 Neb. 373, 63 N. W. 932, and Omaha Loan & Trust Co. v. Hanson, 46 Neb. 870, 65 N. W. 1058.

It follows that the nonlicensed lender did not violate the statutes, sections 45-114 to 45-155, R. R. S. 1943, or section 45-138, R. R. S. 1943. The judgment of the trial court is reversed and the cause remanded with directions to enter a judgment foreclosing the note and chattel mortgage in accordance with this opinion.

REVERSED AND REMANDED.