Sinclair v. City of Lincoln.

----

THOMAS SINCLAIR, APPELLANT, V. CITY OF LINCOLN ET AL.,
APPELLEES.

FILED APRIL 14, 1917.   No. 19405.

1. Municipal Corporations: TAXATION: CONSTITUTIONAL PROVISIONS.
By section 6, art. IX of the state Constitution, the corporate

authorities of cities may be authorized by statute to assess and collect taxes for all "corporate purposes." The levy of a tax by the city of Lincoln for campus extension to induce the location of the state university favorably to the interests of the city is for a corporate purpose, and the provision of section 4546, Rev. St. 1913, authorizing such levy, does not violate that section of the Constitution.

2. ———: ———: LEGISLATIVE POWERS. The advisability of conferring this power upon the city is a question of public policy for the legislature, and not for the courts. Whether such location would have such effect was a question for the exercise of the reasonable discretion of the city authorities.

3. ———: ———: DISCRETIONARY AUTHORITY. The question for the city authorities to consider was the benefit of the city at large, and the fact that some parts of the city were or might be benefited more than other parts would not render the tax invalid. Individuals may be called upon to sacrifice some rights to the greatest good for the greatest number.

4. Statutes: AMENDMENT. The amendment of the statute giving the cities the authority to levy taxes for university campus extension is germane to the general provision of the statute specifying for what purposes such taxes may be levied.

5. Constitutional Law: MUNICIPAL CORPORATIONS: TAXATION. This tax being levied for a corporate purpose of the city of Lincoln, sections 1 and 4 of article IX of the state Constitution and the Fourteenth amendment to the federal Constitution have no application.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*F. B. Baylor* and *D. J. Flaherty,* for appellant.

*C. Petrus Peterson, George W. Berge, Charles R. Wilke* and *Sterling F. Mutz, contra.*

SEDGWICK, J.,

The authorities of the city of Lincoln levied a tax upon the property of the city to raise money to purchase real estate adjoining the university campus for the purpose of the extension of that campus. The plaintiff brought this action in the district court for Lancaster county in behalf of himself and other taxpayers of the city similarly situated to enjoin the collection of the tax. The district court

found no equity in the petition and dismissed the case at plaintiff's costs. The plaintiff has appealed.

In 1913 the legislature amended the statute which confers power upon the city to levy taxes, and added the following as additional purposes for which such taxes might be levied by the city: "The council shall have the power to levy and collect a tax not to exceed five mills in addition to the tax hereinbefore authorized for the purpose of purchasing, holding and improving public grounds and parks, park extensions and improvements, and university campus extension." Laws 1913, ch. 5, sec. 3 (Rev. St. 1913, sec. 4546). The Constitution of the state provides: "The legislature may vest the corporate authorities of cities, towns and villages, with power to make local improvements by special assessments, or by special taxation of property benefited. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same." Article IX, sec. 6. Section 4 of the same article provides: "The legislature shall have no power to release or discharge any county, city, township, town or district whatever, or the inhabitants thereof, or any corporation, or the property therein, from their or its proportionate share of taxes to be levied for state purposes, or due any municipal corporation, nor shall commutation for such taxes be authorized in any form whatever."

It is contended that the legislative act attempting to give the city power to levy taxes for "university campus extension" is violative of these provisions of the Constitution. The argument is that the university is a state institution, and that it must be supported by the state at large, and that to place a larger part of this burden upon the city of Lincoln in effect releases other portions of the state from their "proportionate share of taxes to be levied for state purposes," and therefore violates section 4, above quoted. By section 6, above quoted, the corporate authorities of cities may be authorized by statute to assess and col-

lect taxes for all "corporate purposes," so that the question is whether this tax so levied by the city was for corporate purposes. The petition in this case alleged that when this action was begun a general election was about to be held in the state of Nebraska to determine whether the university, except the college of medicine, should be removed to the state farm, or the colleges of the university generally should be located "on the present city campus and on land contiguous thereto," and "that all of the buildings of the university of Nebraska, except the college of agriculture, are now located" upon the present city campus, and that the levy in question "is for the purpose of purchasing ground to the east of said location and extending said grounds." It appears that the object of levying this tax was to, in effect, donate this money to the state for the university for the purpose of inducing the state to continue the location of the university at its present site in the city of Lincoln, rather than to remove it to the state agricultural farm, which is about two and one-half miles east of the present location and is just without the limits of the city of Lincoln. Is this a corporate purpose? Can the legislature authorize the city to donate money for the purpose of retaining the university within the city and at such point therein as shall be found to be most advantageous to the city and its inhabitants? If such donation is for a corporate purpose, then the legislature may authorize the city to do so under section 6 of the Constitution, above quoted. Some of the authorities cited in plaintiff's brief seem to hold that such tax is not for a corporate purpose and is invalid. Under a somewhat different constitutional limitation, it was held that the state might authorize such a tax. *Merrick v. Inhabitants of Amherst*, 94 Mass. 500. The court said: "It may at first sight seem as if the establishment of a college and its endowment and support by the the commonwealth for the education of all persons within the state who might wish to receive instruction in certain branches of science or art would stand on the same footing as the public schools, and that money raised for such an

object ought to be apportioned and distributed in such manner as to bear on all persons and property equally, without a resort to local taxation, which would operate partially, and in a certain sense disproportionately. * * * If the establishment of a public institution of general utility or necessity in a particular locality would be productive of direct and appreciable benefit to persons or estates in the vicinity, either by increasing the value of property there situated, or by the opportunities which it would afford to those residing in the neighborhood to enjoy certain common advantages and privileges with greater facility and at a less cost than others having an equal right to participate in them, but who reside or own estates more remotely situated or in distant parts of the state, we can see no reason why these special advantages or benefits should not be taken into consideration in determining the mode in which the public burden of defraying the cost of the institution should be apportioned and distributed. * * * In this view, it seems to us that the statute by which the legislature empowered the town of Amherst to assess on its inhabitants a tax of fifty thousand dollars, to raise money to be paid to the Massachusetts agricultural college, was legal and valid, and within the scope of constitutional authority conferred on the legislative department of the government."

In *Marks v. Trustees of Purdue University*, 37 Ind. 155, the court said: "While the university is a state institution, and every citizen will have an equal right, under the same circumstances, to avail himself of its privileges, still the location of it in a given county will, doubtless, confer upon that county many local benefits of pecuniary value. The parents of the county can send their sons and perhaps their daughters to the college to be educated, at a less expenditure of time and money than would be incurred if it were situated at a more remote point in the state. The college, with its professors, tutors, attendants, and students, will probably diffuse much more money throughout the community than would otherwise circulate. It may also

add to the educated and intelligent population of the place, and be the means of stimulating the industry and increasing the wealth and moral worth of the community, thereby enhancing the attractions of society and the value of property. There may be other and greater local benefits than those above glanced at. Now, it seems to us that taxes collected to discharge an obligation entered into by the county, solely for the purpose of securing the location of the college in that county, cannot be said, in any just sense, to be collected for any state purpose. On the contrary, they are solely for a county purpose."

The tax complained of was levied for the purpose of directly or indirectly influencing the electors of the state to locate the main university buildings at the point thought to be beneficial to the city at large. Whether such location would have such effect was a question for the exercise of the reasonable discretion of the city authorities. The advisability of conferring this power upon the city is a question of public policy for the legislature, and not for the courts.

The plaintiff has property and resides near the grounds of the agricultural college, one of the locations then being considered for the main university buildings. He contends that it would be more advantageous to him and render his property more valuable if these buildings were located near his property than if they were located on the campus or an extension thereof in the main part of the city, and that therefore this tax as it affects his property is compelling him to pay for that which does not benefit but rather injures him. But the question for the authorities to consider was the benefit of the city at large, and the fact that some parts of the city were or might be benefited more than other parts would not render the tax invalid. Individuals may be called upon to sacrifice some rights to the greatest good for the greatest number. This tax being levied for a corporate purpose of the city of Lincoln, sections 1 and 4 of article IX of the state Constitution and the Fourteenth

amendment to the federal Constitution have no application.

There is no ground for the contention that the amendment of the statute giving the cities the authority to levy taxes for university campus extension is not germane to the general provision of the statute specifying for what purposes such taxes may be levied.

The judgment of the district court is

AFFIRMED.