GEORGE L. MENZIE, APPELLEE, v. WILLIAM G. SMITH ET AL.,
APPELLANTS.

FILED JANUARY 22, 1902.   No. 10,245.

1. **Note:** INDORSEMENT: POSSESSION OF NOTE: PRESUMPTION. If a payee
   of a note makes an indorsement thereon to G., but delivers it
   to M., and M. brings action thereon, his possession of the note,
   with proof that he paid the payee therefor, will raise a pre-
   sumption that the note was never delivered to G., and is suffi-
   cient *prima facie* evidence of M.'s ownership of the note.

2. **Usury:** INTENT.  To make a contract usurious, there must be an
   agreement between the borrower and the lender by which the
   latter receives or reserves a greater rate of interest than the
   law allows. There must be an intent on the part of the bor-
   rower to give, and of the lender to receive, interest in excess
   of the legal limit. *Rose v. Munford,* 36 Nebr., 148.

APPEAL from the district court for Madison county.
Heard below before ROBINSON, J. *Affirmed.*

*M. B. Foster* and *M. J. Moyer,* for appellants.

*M. J. Sweeley, contra.*

SEDGWICK, J.

This action was begun in the district court of Madison
county to foreclose a real estate mortgage. The petition
contains the ordinary averments, and alleges an assignment
of the papers from the original payee to the plaintiff in the
suit, and that the plaintiff is the owner and holder thereof.
The answer, after admitting the execution, delivery and

recording of the mortgage as alleged, denies all other allegations of the petition, and sets up as an affirmative defense the plea of usury. The plaintiff replied denying the allegation of the answer. There was a trial and finding and decree in favor of the plaintiff foreclosing the mortgage as prayed, and the defendants appeal to this court.

The plaintiff, appellee, contends that the general denial of the allegations of the petition does not put in issue the ownership of the note and mortgage sued upon. But the law is otherwise. The plaintiff's ownership of the paper is a necessary allegation of the petition, and, if denied, places the burden of proof on the plaintiff upon that question. *Schroeder v. Nielson,* 39 Nebr., 335.

The Farmers' Loan & Trust Company was engaged in making and selling loans at Sioux City, Iowa. The plaintiff, Mr. Menzie, was a resident of the state of New York, and for some time had been in the habit of buying notes and mortgages of the Farmers' Loan & Trust Company, apparently, from the evidence, both for himself and for other parties. April 25, 1894, he sent to the Farmers' Loan & Trust Company $1,200, and in the letter which accompanied it he said: "I enclose draft for investment, $1,200 in Iowa farm mortgage, five years six per cent. semi-annual interest, in favor of Philip Gradle." And on the 26th of June, 1894, the company sent Mr. Menzie the note and other papers involved in this suit, with other securities, and a statement in which they credit Mr. Menzie with $1,200, which he had forwarded them, and charged him with $200 for the securities in question, and in this statement, and in the letter which the company wrote him of the same date, there is no mention of any other party as interested in the transaction. Mr. Menzie acknowledged receipt of the papers, in which he says: "I received papers, 1,000 & 200—1,200 loan for P. Gradle, and draft to balance." He then mentions other parties who are desirous of obtaining loans through him. It does not appear from the evidence whether Gradle advanced the money

with which to buy these loans, or this plaintiff bought the
securities with the intention of reselling them to Mr.
Gradle. The action was on a principal note of $200 and
six interest coupon notes, of $6 each, all of which, with the
mortgage securing them, were executed by the defendants
to the Farmers' Loan & Trust Company, and the interest
coupon notes were indorsed: "Pay to the order of ————,
Jas. T. Toy, Pt. Treasurer." On the back of the principal
note there was indorsed a contract of assignment to Philip
Gradle, with a guarantee of payment, and the proviso:
"This guaranty to inure to the benefit of any legal holder
hereof." There was also an assignment of the mortgage
executed by the Farmers' Loan & Trust Company in blank,
there being no assignee named therein; and, although the
payee indorsed the principal note with an assignment to
the third person, he delivered the note to this plaintiff, to-
gether with the interest coupon notes indorsed in blank,
and an assignment in blank of the mortgage and all the
notes. If the payee or indorsee in the note, who has in-
dorsed the note to some other person, brings an action upon
the note, and offers the note in evidence to support a gen-
eral allegation of ownership, his possession of the note will
raise the presumption that there has been no delivery un-
der his indorsement, and will be sufficient *prima facie* evi-
dence to prove his ownership. *Pardee v. Lindley*, 31 Ill.,
174; *Kells v. Northwestern Live-Stock Ins. Co.*, 64 Minn.,
390, 67 N. W. Rep., 215; *Ames & Frost Co. v. Smith*, 65
Minn., 304, 67 N. W. Rep., 999. The plaintiff paid for the
papers, and his possession of these papers at the trial
raises the presumption that the principal note was never
delivered to the party named in the assignment thereon,
that the intended transaction between plaintiff and Gradle
was never completed, and is *prima facie* evidence of plain-
tiff's ownership of the papers.

Of course, the plaintiff was not a bona-fide purchaser
of the paper without notice, and it is insisted that the trans-
action was tainted with usury, but the defense of usury is
not sustained either by the answer or by the evidence. The

allegation of the answer is: "That all said last mentioned notes were executed and delivered by these defendants to said Farmers' Loan & Trust Company on the 13th day of December, 1893; but, as a further device to exact and collect additional usurious interest from these defendants, said notes were antedated by said E. E. Springer, agent, as aforesaid on the 1st day of December, 1893, and all said notes draw interest from the 1st day of December, 1893." It will be seen that this allegation is supposed to depend upon prior allegations in the answer in which an earlier loan was alleged, with the allegation that the notes in suit were given as renewals of this prior loan, but the allegations, so far as the defense of usury is concerned, are very similar in regard to the prior loan to the allegations above quoted. There is no allegation of any agreement on the one part to pay or on the other part to receive illegal interest. It was, moreover, contended that the loan in suit was entirely distinct from the former loan, and, under the evidence upon that point, the trial court must have so found. In *Rose v. Munford,* 36 Nebr., 148, this court said: "To make a contract usurious there must be an agreement between the borrower and lender by which the latter receives or reserves a greater rate of interest than the law allows. There must be an intent on the part of the borrower to give, and of the lender to receive, interest in excess of the legal limit." This undoubtedly is the correct rule, and, tested by this rule, the evidence also fails to show an usurious contract. The notes in suit bore interest at six per cent., and there was another note representing interest at four per cent. for the time that the loan was to run, the contract being that the interest should be at the rate of ten per cent. The notes were executed on the 13th day of December, 1893, but were dated on the 1st day of December. It appears from the evidence that the defendant had the benefit of the money from the 9th of December. It also appears that the defendant paid all charges that his agreement contemplated, so that by the antedating of the notes he paid interest thereon for nine days before he

received the benefit of the money; but there was no evidence of any agreement between the parties that these notes should be dated back for the purpose of increasing the rate of interest beyond that allowed by law. The agent who transacted the business testified that on the settlement of expenses of the loan the defendant was allowed for the increased value of the papers, caused by dating back the loan. This the defendant does not deny, but, however this may be, we think that the finding of the trial court upon this question can not be said, under this evidence, to be clearly wrong.

The decree of the district court is

AFFIRMED.