Stuart v. Durland.

SUSIE ROBB STUART, APPELLEE, V. FANNIE B. DURLAND ET AL., APPELLANTS.

FILED FEBRUARY 1, 1927. No. 24537.

1. Usury: MORTGAGES. A mortgage which, by its express terms, requires the mortgagor to pay the maximum legal rate of interest on the debt which it secures, and, in addition, to pay the taxes upon the mortgagee's interest in the mortgaged premises, is usurious.

2. ———: PLEADING. Where, in an action to foreclose a mortgage, the plaintiff sets forth in his petition facts which show that the mortgage is subject to the defense of usury, it is not necessary for the defendant to plead the same facts in his answer. In such case, he may avail himself of that defense by claiming the benefit of the usury statute.

APPEAL from the district court for Dawson county: J. LEONARD TEWELL, JUDGE. Reversed, with directions.

Sinclair & McDermott, for appellants.
N. M. York, contra.

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

This is an appeal from a decree of foreclosure. The only defense tendered was that of usury. The trial court found that there was no usury and entered a decree for plaintiff

Stuart v. Durland.

for the full amount of the mortgage, accrued interest, and taxes, paid by plaintiff upon the mortgaged premises, which became delinquent after the date of the mortgages. Defendants appeal.

Three mortgages are in controversy, all running for a period of five years, bearing interest from date at the rate of 10 per cent. per annum, and executed by the same mortgagors to the mortgagee; but each mortgage being on a separate tract of realty. In fact, the three mortgages represented a single loan. One of the mortgages was for $10,-000, and the other two for $5,000 each. Each of the mortgages contained a clause requiring the mortgagors to pay all taxes and assessments levied upon the mortgaged premises, or upon the mortgage or note which it secured, before the same would become delinquent, and a further proviso that if the mortgagor failed to pay the taxes the mortgagee might pay the same and the amount so paid or advanced for taxes should be secured by the mortgage and bear interest at 10 per cent. per annum.

Defendants contend that the mortgage contracts are, on their face, usurious, because, by their terms, they require the mortgagors to pay, in addition to the maximum rate of interest permitted by statute, the taxes that may be assessed or levied on the notes and mortgages or assessed on the mortgagee's interest in the mortgaged premises. On the other hand, plaintiff argues that the provisions referred to do not make the contracts usurious and contends that the question is not presented, for the reason that there are no facts alleged in the answers which would show that the contracts are usurious, and that, in the absence of such allegations, the defense of usury is not available to the defendants.

This court has not heretofore determined whether a mortgage contract is usurious which, by its terms, requires the mortgagor to pay, in addition to the maximum legal rate of interest, the taxes that may be assessed against the mortgage and note thereby secured, or against the mortga-

Stuart v. Durland.

gee's interest in the mortgaged premises.   The question has been passed upon by the courts of other jurisdictions. There is some lack of harmony in the decisions.

The supreme court of Alabama takes the view that the statute, permitting a clause in a mortgage requiring the mortgagor to pay the taxes upon the mortgage or the mortgage debt, was purely a revenue measure and was not intended to affect the rate of interest allowed to lenders, and that a mortgage which provided for the maximum legal rate of interest and the payment of such taxes was not usurious.   *Dubose v. Parker,* 13 Ala. 779.   The supreme court of Idaho holds that such a clause in a mortgage does not render it usurious, but the decision of that court is based upon a statute which renders such a clause in a mortgage absolutely void.   *First Nat. Bank of Hailey v. Glenn,* 10 Idaho, 224. The same view is held in the state of Oregon, upon the theory that a provision in a contract requiring the payment of taxes is void.   *United States Mortgage & Trust Co. v. Marquam,* 41 Or. 391.   The last two cases cited have no bearing on the question under consideration, because we have a statute permitting the insertion of such a clause in a mortgage.   Comp. St. 1922, sec. 5952.

The supreme court of Michigan holds:   "A contract to pay the highest rate of interest allowed by law and in addition thereto the taxes upon the indebtedness represented by the contract is usurious."   *Stack v. Detour Lumber & Cedar Co.,* 151 Mich. 21; *Green v. Grant,* 134 Mich. 462. The supreme court of Virginia, in *Meem v. Dulaney,* 88 Va. 674, holds that a contract to pay the lender the highest legal rate and, by a separate contract, to indemnify him for any taxes that might be imposed on his note or bond is usurious. The same view is taken in *Norris v. Belcher Land Mortgage Co.,* 98 Tex. 176, and in *In re Elmore Cotton Mills,* 217 Fed. 810.

In determining the question in this jurisdiction, we should first consider the statutory provisions and the former decisions of this court as to what constitutes usury.   In this

state, by statute, the maximum rate of interest that may be taken or reserved by a lender is 10 per cent. per annum. Prior to 1911 the owner of real estate was required to pay taxes on the full value thereof, without regard to the fact that it might be incumbered by a mortgage, and mortgages and notes secured by mortgages were subject to assessment for taxes to the holder thereof. In 1911 section 5951, Comp. St. 1922, was enacted, which provides: .

"For the purpose of assessment and taxation, a mortgage on real estate in this state is hereby declared to be an interest therein. The amount and value of any mortgage upon real estate in this state when taxable to the mortgagee shall be assessed and taxed to the mortgagee or his assigns, and the taxes levied thereon shall be a lien on the mortgage interest. The value of the real estate in excess of any mortgages taxable to and taxed to the mortgagee shall be assessed and taxed to the mortgagor or owner. The mortgagee or his assigns may pay the tax levied on the interest of the owner and have a lien thereon secured by the mortgage to the extent of the amount so paid with lawful interest thereon. The mortgagor or owner may pay the tax levied on the mortgage interest, and the amount so paid shall be claimed and held to be a payment on the indebtedness secured by the mortgage, and it may be offset against any interest due thereon."

Section 5952, Comp. St. 1922, provides, among other things, that the mortgage interest and the value of the real estate in excess thereof shall be assessed separately. Said section further provides that when any mortgage contains a condition that the mortgagor shall pay the taxes levied upon the mortgage, or the debt secured thereby, the mortgage shall not be entered for separate assessment and taxation, but both interests shall be assessed and taxed to the mortgagor or owner of the real estate.

In *Menzie v. Smith*, 63 Neb. 666, it is held: "To make a contract usurious, there must be an agreement between the borrower and the lender by which the latter receives

or reserves a greater rate of interest than the law allows. There must be an intent on the part of the borrower to give, and of the lender to receive, interest in excess of the legal limit."

Had the mortgages in question not contained the provision relative to the payment of taxes, the mortgagee would have been liable for the tax on his mortgage interest in the mortgaged premises, and the mortgagors would have been liable for the tax on their interest therein, which would have been the full value of the premises, less the amount of the mortgage. The insertion of this clause in the mortgage had the effect of shifting the burden of the tax on the mortgage interest from the mortgagee to the mortgagor. This clause, therefore, required the mortgagor to pay, in addition to the maximum legal rate of interest, the amount of the tax so transferred to him.

Usury is the reserving or contracting to reserve and take, for the use of money, a greater sum or rate of interest than is permitted by law. When a contract, by its terms, requires, for the use of money, the payment of a greater sum than the maximum legal rate of interest it is, in fact, usurious. The contracts in question show that there was an intent on the part of the borrower to give, and an intent on the part of the lender to reserve and take, interest in excess of the maximum legal limit. We are forced to the conclusion that the contracts in question are usurious. It follows that the decree is erroneous in so far as it allows interest on the mortgage debt, proper.

The contention of plaintiff that usury as a defense cannot be urged in this case, because the facts which make the contracts usurious are not set forth in the answer, does not appear to be sound. We are aware that many courts hold that usury is an affirmative defense which is waived unless pleaded, and that the defendant must set forth in his answer the facts on which he relies to constitute the defense. Ordinarily, in an action upon an usurious contract, the fact that it is tainted with usury does not appear either on the

face of the contract or in the petition of plaintiff. In such a case, of course, it is incumbent upon the defendant to set forth the facts and claim the benefit of the usury statute.

Where the facts on which the defendant relies to show that the contract is usurious are set forth in plaintiff's petition, it would be a useless thing to require him to repeat the allegations in an answer. If the facts appear from the plaintiff's petition, all that it is necessary for the defendant to do is to claim the benefit of the usury statute. That the defendant did in this case, and the trial court passed upon the question of usury. It follows that the court erred in the decree entered. The decree should have been for the amount of principal, together with the taxes paid by plaintiff upon the mortgagors' interest in the real estate, with interest upon the latter item at the rate of 10 per cent. per annum. Defendants, however, are entitled to credit upon the principal for $250 paid as advance interest.

In the instant case the taxes paid by plaintiff on the three mortgages aggregate about $2,000, which are the taxes upon the interests of both the mortgagors and the mortgagee in the premises. The record does not disclose what proportion of these taxes is upon the mortgagors' and what upon the mortgagee's interest.

Plaintiff is not entitled to recover any part of the taxes which he paid and which accrued on his mortgage interest in the premises. He is entitled to recover so much of the taxes by him paid as accrued on the mortgagors' interest in the premises, together with interest thereon. The debt created by the payment of the tax on the mortgagors' interest is not tainted with usury, because there was no agreement to pay an illegal rate of interest on the debt so created. It is true that the mortgage provided for the creation of this debt upon the contingency that the mortgagors failed to pay the tax before it became delinquent; but the debt, created by payment of the tax, did not arise until the plaintiff actually paid the tax. There was no agreement to pay usurious interest on this debt, and plain-

tiff is therefore entitled to recover interest at the rate of 10 per cent. per annum on the amount of tax accruing on mortgagors' interest in the premises from the date of the payment of the tax.

We do not wish to be understood as holding that a mortgage containing such a clause as appears in the present case is usurious, where the stipulated rate of interest, exclusive of the taxes, is less than the legal maximum rate. It is probable that such a contract would not be usurious, even when the aggregate of the stipulated interest and taxes exceeded 10 per cent., unless, at the time of the making of the contract, both parties knew or believed that the tax and other stipulated interest would be in excess of 10 per cent. However, that question is not now before us and of course is not decided.

The judgment of the district court is reversed and the cause remanded, with directions to permit further evidence to be taken to ascertain what part of the amount paid for taxes accrued on mortgagors' and what on the mortgagee's interest in the real estate, and to enter a decree in accordance with this opinion.

REVERSED.