IN RE ESTATE OF FRANCIS M. AUSTIN.
CHARLES M. AUSTIN, EXECUTOR, APPELLANT, V. BERTHA
CHALFANT ET AL., APPELLEES.

FILED NOVEMBER 10, 1927.  No. 25128.

*John E. Kelley*, for appellant.

*Scott & Scott, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

Charles M. Austin, as executor of the will of Francis M. Austin, deceased, made application to the district court for Red Willow county for a license to mortgage the real estate of his trust estate, for the purpose of paying debts and costs of administration.  Two of the children and heirs-at-law of the decedent filed objections in which they averred that there was no law in the state of Nebraska authorizing the district court to grant a license to mortgage real estate belonging to the estate of a deceased person.  Trial was had resulting in a judgment for respondents and dismissing the application for the license.  The applicant for license has appealed.

This cause was previously submitted to division No. 1 of the supreme court commission and an opinion prepared by Commissioner Sandall reversing the judgment of the district court. Because a constitutional question was involved and some doubt entertained as to the validity of the statute on which applicant based his right to a license, a reargument of the cause has been had before the court. Upon an examination and consideration of the questions involved, the court has reached the same conclusion as did the commission, and the views hereinafter expressed are, in a large measure, a restatement of the views expressed in the opinion prepared by Commissioner Sandall.

Chapter 104, Laws 1923, purports to confer power upon district courts to grant licenses to executors, administrators and guardians to mortgage the real estate of their trust estates upon the conditions therein set forth. The question presented is whether or not chapter 104, Laws 1923, is violative of the constitutional provision that no bill shall contain more than one subject and the same shall be clearly expressed in the title. For an understanding of the real point relied upon by respondents, it is necessary to review somewhat the history of the legislation upon the subject of licensing executors, administrators and guardians to mortgage their trust estates.

Sections 344 and 345, ch. 23, Comp. St. 1903, gave power to county judges to grant authority to executors, administrators and guardians to mortgage any real estate, belonging to their trust estates, upon prescribed conditions. These sections of the statute were amended by the enactment of chapter 62, Laws 1905, with the following title: "For an Act authorizing county courts to empower executors, administrators and guardians to mortgage real estate and to appoint an administrator for that purpose, and to repeal section 344 and 345 of section (chapter) 23 of the Compiled Statutes of Nebraska of 1903." This act later appears as section 1491, Rev. St. 1913.

Said section 1491 was amended by the enactment of chapter 25, Laws 1915, under the following title: "An Act to

amend section 1491, Revised Statutes of Nebraska for 1913, relating to right to mortgage trust estates, and to repeal said original section." Neither of the foregoing acts or sections of the statute purported to confer any authority upon the district court to license executors, administrators or guardians to mortgage their trust estates.

The law was again amended by the enactment of chapter 205, Laws 1921, which bore the following title: "An Act to amend section 1491, Revised Statutes of Nebraska for 1913, as amended by section 1, chapter 25, Session Laws of Nebraska for 1915, relating to the right to mortgage trust estates, and to repeal said original section." This act, after providing that county judges, upon prescribed conditions, might license executors, administrators and guardians to mortgage real estate of their trust estates, contained this further provision: "The district court or a judge thereof may under like circumstances, upon petition supported by competent testimony, showing that the best interests of the estate demand it, grant authority to the executors, administrators or guardians of estates, to mortgage any real estate belonging to such estate for such sum as may be required to pay or redeem existing mortgages on the real estate of said estate, to pay cash bequests provided for by will, federal transfer tax, state inheritance tax, costs of administration and outstanding debts of the estate." Chapter 205, Laws 1921, later appears as section 1436, Comp. St. 1922.

This statute was further amended by the enactment of chapter 104, Laws 1923, with the following title: "An Act to amend section 1436, Compiled Statutes of Nebraska for 1922, relating to mortgages by executors, administrators and guardians of estates, to provide that executors, administrators and guardians may extend times of payment of any note or notes secured by such mortgages, and to repeal said original section."

The contention of respondents seems to be that the act of 1921 is invalid because it was sought to include in that act matter which was not, and could not have been, included

in the act of 1905, or in the act of 1915, and that if the act of 1921 was invalid then the act of 1923 would also be invalid as an attempt to amend a void statute. Respondents seem to rely upon the proposition that nothing could be inserted in the act of 1921 which could not have been included in the act of 1905, and, the act of 1905 bearing a restricted title, that no authority could, in that act, have been conferred upon the district court. We think it may be conceded that under the restricted title of the act of 1905 no power could have been conferred upon the district court to grant licenses to executors, administrators or guardians to mortgage the real estate of their trust estates, because that act, by its title, purported to give authority only to county courts to grant such license. We do not think it follows, however, that the legislature could not, thereafter, amend the law, as it existed in 1915, by a statute with an amendatory title. The rule is that an act, with a title purporting to amend a statute or section thereof, may contain only such matter as is germane to the subject of legislation contained in the statute or section sought to be amended. *Miller v. Hurford,* 11 Neb. 377; *Trumble v. Trumble,* 37 Neb. 340; *State v. Tibbets,* 52 Neb. 228; *State v. Cornell,* 54 Neb. 72; *State v. Bowen,* 54 Neb. 211; *Armstrong v. Mayer,* 60 Neb. 423; *State v. Barton,* 91 Neb. 357; *State v. Hevelone,* 92 Neb. 748; *Sinclair v. City of Lincoln,* 101 Neb. 163; *Allen v. Trester,* 112 Neb. 515.

The object of the constitutional provision that no legislative act shall contain more than one subject and the same shall be clearly expressed in the title was generally to prevent surreptitious legislation. It was intended that the title to an act should be an indication and guide to those interested in legislation so that they might give or withhold support as they deemed advisable and proper.

The subject of the legislation, the history of which has been somewhat reviewed, in all its stages has been the granting to executors, administrators and guardians authority or license to mortgage the real estate of their trust estates for the purposes specified in the legislation. The

subject-matter of chapter 205, Laws 1921, and of chapter 104, Laws 1923, and all the provisions thereof relate and are germane to the general subject. It follows that under the general rule above announced the legislation, authorizing the district court to grant licenses, was germane to the subject-matter of the previous acts which were amended. Neither chapter 205, Laws 1921, nor chapter 104, Laws 1923, is broader than its title and neither violates the constitutional provision invoked.

Since the judgment of the district court seems to have been based solely upon the assumption that chapter 205, Laws 1921, and chapter 104, Laws 1923, were violative of the constitutional provision, above referred to, it follows that the judgment is erroneous and should be and is reversed, and the cause remanded for further proceedings.

REVERSED.