DAWSON COUNTY STATE BANK, APPELLEE, v. GUY A. TEMPLE ET AL., APPELLANTS.

FILED APRIL 6, 1928. No. 25707.

*T. M. Hewitt*, for appellants.

*W. A. Stewart, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Thompson and Howell, JJ., and Landis, District Judge.

Good, J.

This is an action to foreclose two real estate mortgages, and incidentally to include therein the taxes on the mortgaged premises paid by the mortgagee. Usury was pleaded by the defendants as a defense to each of the mortgages. The trial court found for plaintiff and entered a decree of foreclosure for the full amount of both mortgages, with interest and taxes. Defendants appeal.

From the record it appears that on the 27th day of June, 1921, defendants Guy A. Temple and wife executed and delivered to plaintiff two promissory notes, each for $5,000, and maturing, respectively, on December 27, 1921, and June 27, 1922, each bearing interest at the rate of 10 per cent. per annum from date until paid. Each of the promissory notes was secured by a mortgage on real estate in Dawson county. Each of the mortgages contained provisions requiring the mortgagors to pay all taxes and assessments levied upon the mortgaged real estate and all other taxes, levies and assessments levied upon the mortgages or the notes which they were given to secure.

The facts in the instant case are practically identical with those presented by the record in *Stuart v. Durland,* 115 Neb. 211, and the decision in that will control the decision in this case. In *Stuart v. Durland,* it was held: "A mortgage which, by its express terms, requires the mortgagor to pay the maximum legal rate of interest on the debt which it secures, and, in addition, to pay the taxes on the mortgagee's interest in the mortgaged premises, is usurious." Under this holding the defense of usury is sustained by the record.

It appears that the mortgagee has paid taxes upon the mortgaged premises, a part of which would represent taxes upon the mortgagee's interest and a part on the mortgagors' interest in the real estate, but there is nothing apparent

in the record from which it can be determined what portion of the tax paid was upon the respective interests of the mortgagors and the mortgagee in the real estate.

Following the ruling in *Stuart v. Durland, supra,* the judgment of the district court is reversed, and the cause remanded, with directions to allow plaintiff a decree of foreclosure for the principal of its mortgages without interest; also to allow plaintiff a recovery for that part of the tax which was paid upon the mortgagors' interest in the real estate and to adduce additional evidence to establish the amount thereof. On this latter amount plaintiff is entitled to recover interest.

REVERSED.