FURMAN B. CARLEY, APPELLEE, V. JOHN H. MORGAN ET AL., APPELLANTS.

FILED JULY 8, 1932. No. 28361.

*E. D. Crites* and *F. A. Crites*, for appellants.

*Allen G. Fisher* and *Charles A. Fisher*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This is an appeal from a decree of foreclosure of a real estate mortgage wherein the district court for Dawes county determined adversely a defense of usury sought to be interposed by appellants.

The material facts are not in dispute. On December 31, 1929, John H. Morgan and wife made and delivered their negotiable promissory note for the sum of $5,000, payable "with interest from this date until paid, at the rate of eight per cent. per annum, payable semiannually, as per coupons hereto attached." This note also contained the further provision that, "should any of said interest not be paid when due, it shall bear interest at the rate of 8 per cent. per annum from time same becomes due." The coupons evidencing these interest payments were in the usual form, providing, "This interest note to draw 8 per cent. per annum from maturity." On the same day Morgan and wife executed and delivered to plaintiff a real estate mortgage "in usual form," which contained the following tax clause: "It is further agreed

that the mortgagor shall pay all taxes which may be levied upon this mortgage and the indebtedness secured hereby, and hold mortgagee harmless therefrom." It further appears that defendants Morgan and wife defaulted in the payment of the semiannual interest due on July 1, 1930, and also on January 1, 1931. They also failed to pay the taxes assessed on the premises for the year 1929 and the year subsequent thereto. Thereupon the plaintiff, pursuant to the terms of his mortgage, elected to declare the entire amount secured thereby due and payable, and instituted this action in equity to secure a foreclosure thereof.

The defendants in the petition were John H. Morgan, Adda H. Morgan (his wife), Lee Card, and Russell F. Christensen. Personal service of summons was made upon all defendants named. Card and Christensen made default. Morgan and wife answered setting up two defenses, viz., (1) usury; (2) that Adda H. Morgan signed only as surety and to release her interest in the mortgaged real estate. At the trial on the merits the court, in a decree of foreclosure entered on January 16, 1932, adjudged Card and Christensen to be in default; sustained the defense of coverture as to Adda H. Morgan; denied the defense of usury; and entered the usual decree of foreclosure and sale. From an order overruling defendants' motion for a new trial, entered on January 16, 1932, John H. Morgan, his wife, Adda H. Morgan, and Russell F. Christensen "separately" appeal.

It will be noted, however, that Christensen neither answered in the original case, nor secured the setting aside of the default entered as to him in the decree of foreclosure. It also appears that a request for stay of order of sale was duly filed by the defendant John H. Morgan, as provided by section 20-1506, Comp. St. 1929. It is obvious that the attempted appeal by Christensen is, under the circumstances referred to, wholly without merit, and likewise that John H. Morgan is precluded from so doing by the express terms of section 20-1509, Comp.

St. 1929, providing: "No proceedings in error or appeal shall be allowed after such stay is taken." *Ecklund v. Willis*, 42 Neb. 737; *Clark v. Pahl*, 75 Neb. 161.

Adda H. Morgan, wife of the mortgagor, therefore remains as the sole qualified appellant, and the sole issue presented by her appeal is the question of usury, created by the quoted provision of the mortgage as to the payment of taxes. The sole evidence in the record from which this contention is to be supported, if at all, is, in addition to the facts set forth in the petition, the fact that the mortgagee purchased, at tax sale held in November, 1930, the mortgaged premises for the taxes legally assessed in 1929, which, with interest accrued thereon, then amounted to $292.60, and that on May 1, 1931, the mortgagee and purchaser at such tax sale also paid taxes for 1930 assessed thereon, in the sum of $290. These amounts thus paid were incorporated in plaintiff's petition for foreclosure of his mortgage, and constitute a part of the decree entered in his favor, from which appeal is taken.

It is, in effect, insisted that the taxes on the money loaned, which the terms of the mortgage obligated the mortgagor to pay, constituted a portion of the compensation for the use of such money; and that, as such taxes plus the interest provided for in the note and mortgage aggregated more than 10 per cent. of the mortgage loan, it must be deemed a usurious provision. Appellant insists that the controlling rule applicable is: "A mortgage which, by its express terms, requires the mortgagor to pay the maximum legal rate of interest on the debt which it secures, and, in addition, to pay the taxes upon the mortgagee's interest in the mortgaged premises, is usurious." *Stuart v. Durland*, 115 Neb. 211; *Quesner v. Novotny*, 116 Neb. 84; *Dwyer v. Weyant*, 116 Neb. 485; *Dawson County State Bank v. Temple*, 116 Neb. 727; *Detweiler v. Forman*, 120 Neb. 780.

It will be noted, however, that in each of the cases cited the mortgage sought to be enforced in express terms

"required the mortgagor to pay the maximum legal rate of interest (10%) on the debt which it secured," and, in addition, provided for the payment of taxes thereon. It is obvious that any requirement in excess of the interest rate so stipulated for, be it much or little, necessarily has the effect of increasing the per cent. exacted for compensation for use of the money beyond the limitation of lawful interest. It follows that this effect must, therefore, have been necessarily intended by the parties to the contract. The conclusion follows that under these circumstances there was conclusively established in each case an intent on part of the borrower to give, and on part of the lender to receive, interest in excess of the legal limit. The very terms of the instruments there in suit clearly involved this conclusion. But such is not the effect of the provisions of the instruments in suit in the instant case. By its express terms the mortgagor in suit is not required to pay the maximum legal rate of interest on the debt it secures. Indeed, the controlling principle is not to be found in the cases on which appellant relies, but is as announced in *Menzie v. Smith*, 63 Neb. 666, viz.: "To make a contract usurious, there must be an agreement between the borrower and the lender by which the latter receives or reserves a greater rate of interest than the law allows. There must be an intent on the part of the borrower to give, and of the lender to receive, interest in excess of the legal limit. *Rose v. Munford*, 36 Neb. 148."

The instant loan was made on December 31, 1929. The annual rate stipulated for, 8 per cent. payable semiannually, was well within the statutory limitation. The language of the mortgage, "It is further agreed that the mortgagor shall pay all taxes which may be levied upon this mortgage and the indebtedness secured hereby," can have no relation to, nor connection with, the taxes for the year 1929. These had been fully levied and assessed on the premises here in suit long prior to the creation of the indebtedness and the execution and delivery of the

instruments evidencing and securing the same. Indeed, these were not subject to taxation for the year 1929. As to the taxes on the mortgage indebtedness levied for the year 1930, this was a matter for the determination of the various taxing authorities which the statute required should be made by them many months subsequent to the date of the present transaction, and over which none of the parties here litigant had supervision, knowledge, or control. The only connection between the tax levy for 1930 and the mortgage and note in suit is the stipulation of the parties as to what was actually done by the taxing authorities more than six months after the loan in suit had been fully completed. Thus there is nothing which tends to establish that at the time of entering into the contract in suit there was "intent on the part of the borrower to give, and of the lender to receive, interest in excess of the legal limit." The evidence disclosed by the bill of exceptions wholly failing to establish that at the time of entering into the contract in suit there existed the illegal intent on part of the borrower to give and on part of the lender to receive interest in excess of the legal limit, it may not be presumed, and appellant's contention cannot be sustained. This conclusion is wholly based upon the principles announced in the series of cases heretofore referred to, of which *Stuart v. Durland,* 115 Neb. 211, is the leading case.

But it must not be overlooked that, subsequent to the announcement of the determination of this court in *Stuart v. Durland; supra* (February 1, 1927), the legislature of 1927, by the adoption of chapter 178 of the session laws of that year, sought to amend the laws relative to the assessment of real estate mortgages. This amendment became effective July 1, 1927, and was in full force and effect at the time of the execution of the note and mortgage in suit. This statutory provision, as amended, so far as applicable to the present controversy, may be quoted as follows (after providing for the assessment of mortgagee's interest and owner's interest separately):

"When any mortgage contains a condition that the mortgagor shall pay the tax levied upon the mortgage or the debt secured thereby, the mortgage shall not be entered for separate assessment and taxation, but both interests shall be assessed and taxed to the mortgagor or owner of the real estate. An agreement of this character in the mortgage shall not destroy the negotiability of any note secured thereby *nor render such note usurious.*" (Italics ours.) Comp. St. 1929, sec. 77-1503. True, in *War Finance Corporation v. Thornton,* 118 Neb. 797, a case wherein the mortgage in suit was executed prior to the adoption of this amendment of 1927, this court held that this amendment operated "prospectively only," and refused to pass on certain objections made to the validity thereof, based on the proposition that it was a provision retroactive in effect. But in the present case appellant Adda H. Morgan in no way challenges the validity of the amendment of 1927. No question of invalidity thereof is therefore presented in this case to this tribunal. "Every legislative act comes before this court surrounded with the presumption of constitutionality (and validity), and this presumption continues until the act under review clearly appears to contravene some provision of the Constitution." *Davis v. State,* 51 Neb. 301.

It follows that in no view of the law of this jurisdiction, whether as defined by the principles announced in *Stuart v. Durland,* 115 Neb. 211, or as determined by the express terms of section 77-1503, Comp. St. 1929, can it be said, in the light of the uncontradicted facts of this record, that a usurious contract is presented in the instant case.

The judgment of the trial court is, therefore, correct, and its decree is

AFFIRMED.