WESTERN SECURITIES COMPANY, APPELLEE, v. CHARLES F. NAUGHTON, APPELLANT.

FILED APRIL 14, 1933. No. 28527.

*Battelle, Travis & Strehlow,* for appellant.

*Clarence T. Spier* and *Arthur C. Bailey, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is a suit to foreclose two real estate mortgages. There are two defenses: (1) Plaintiff was not the owner of the notes and mortgages, and (2) usury. The trial court found in favor of plaintiff on both defenses and the defendant appeals.

The evidence is sufficient to support a finding that the plaintiff is the owner of the notes and mortgages. The plaintiff was the mortgagee, who had assigned the notes and mortgages to another, who in turn had reassigned to plaintiff. Neither the notes nor the reassignment were introduced in evidence. This omission is incomprehensible

to the writer. The possession and production of the notes uncanceled and unextinguished by indorsement or otherwise by plaintiff is *prima facie* evidence of ownership.

It was stated by the attorney that they were in the hands of the trial judge, but the knowledge of an appellate court is circumscribed by the record, which does not show that the notes were in court. The reassignment was said by a witness for the plaintiff to be available, but it was not produced, although demanded by the defendant. It should have been introduced in evidence.

The assignment of error is directed to the proposition that the evidence does not support a finding that the plaintiff was the owner of the notes and mortgages. The execution and delivery of the notes and mortgages and the assignment by the plaintiff as mortgagee to another are admitted by defendant. The reassignment is denied, thereby putting in issue the ownership thereof. The instrument reassigning the notes and mortgages is the best evidence of plaintiff's present ownership.

However, an officer of plaintiff company testified without objection that the loans and mortgages in question were repurchased by plaintiff and it "is now the owner and holder of the notes and mortgages securing the notes." In this case, that is sufficient for us to find that the plaintiff is the owner and holder of the notes and mortgages, particularly since it is noted that there is no evidence in conflict. *Michigan Mutual Life Ins. Co. v. Klatt,* 2 Neb. (Unof.) 870. Where, as in this case, the execution and delivery are admitted, plaintiff's right of recovery is presumed. *Bank of Stockham v. Alter,* 61 Neb. 359. This is not to say that the usual and proper way to prove plaintiff's ownership of notes and mortgages is to offer in evidence the notes and the reassignment of the mortgages. *Stewart v. Hoagland,* 3 Neb. (Unof.) 142. The notes and mortgages should have been canceled by the entry of the decree. But the assignment of error only reaches the question of ownership.

The question of usury, as presented in this case, has been before this court several times. The assertion that the contract was usurious is based upon the claim that the parties contracted to pay more than the legal rate of interest. The agreement, as evidenced by the notes as set out in the petition, and the mortgages, was that the defendant agreed to pay 6 per cent. interest and in addition thereto the taxes on the interest of the mortgagee in the real estate and to keep the premises insured at expense of mortgagor. And further as a part of this loan of $25,000, the mortgagor was required to pay a commission of $500 and some incidental expenses, such as abstract expense and legal examination of the same. Thus far, the contract is not usurious. The figures of the appellant, as showing usury during the first year, are erroneous in that the entire commission for a five-year loan was added as interest for one year, when it should be spread over the entire term. *Upton v. O'Donahue,* 32 Neb. 565; *Detweiler v. Forman,* 120 Neb. 780. "To constitute usury, it is of course essential that an excess of the legal maximum be exacted in consideration of the loan." 27 R. C. L. 223, sec. 24. See *McGovern v. Union Mutual Life Ins. Co.,* 109 Ill. 151. To constitute usury, brokerage charge and interest for term of loan must exceed legal maximum.

The other expenses of making the loan were not excessive, and even if added to the charge would not be sufficient, when spread over the entire term, to make the contract usurious. They were not therefore a subterfuge to avoid the usury law. This is also true of the taxes. The taxes added by appellant in his computation for the first year of the term had been levied and were due, an obligation of the mortgagor, at the time of the execution of the instrument in this case, and cannot be added to the interest charge for the first year.

The provision which increases the interest after maturity on both principal and interest notes engages our attention now. As heretofore determined, the contract

rate of interest to maturity was not usurious. There was no intention of the parties that the notes should be defaulted. In *Havemeyer v. Paul,* 45 Neb. 373, it was held: "Where a note provides for a lawful rate of interest from date until maturity and a higher and lawful rate of interest afterwards, the rate of interest which the note draws from its date to maturity is the contract rate for that time; and the rate which the note draws after maturity is the contract rate from that date." In *Omaha Loan & Trust Co. v. Hanson,* 46 Neb. 870, it is said: "Where by the terms of a promissory note it is provided that it shall bear interest until maturity at a given rate, and thereafter at a higher lawful rate, such contract is not usurious, nor is the agreement for the higher rate of interest after maturity a mere penalty." It is the duty of the court to compute the interest accordingly.

The contract for the maximum legal rate of interest after maturity was a separate contract, was lawful, and did not constitute usury. *Upton v. O'Donahue,* 32 Neb. 565. There is no attempt to collect for taxes in this case after maturity, since neither party has paid any taxes on the property during the term except from the rents, which were assigned at the time of the execution of the notes and mortgages. The provision for the payment by the mortgagor of taxes, the amount of which is uncertain and unknown, does not make the transaction usurious, because at the time it could not have been within the contemplation of the parties so that the agreement could have been for a usurious rate of interest. *Stuart v. Durland,* 115 Neb. 211; *Menzie v. Smith,* 63 Neb. 666. It follows that provision in the contract for payment of taxes by mortgagor, in addition to the maximum legal rate upon default, and after maturity, is not an agreement to pay usurious interest. If, after maturity, the total amount claimed amounts to a usurious rate, the excess cannot be collected. *Stuart v. Durland,* 115 Neb. 211.

The judgment of the district court is

AFFIRMED.