A. H. PIERSON, APPELLEE, V. STANLEY D. FAULKNER ET AL., APPELLANTS.

279 N. W. 813

FILED MAY 27, 1938. No. 30114.

*Clarke & Patterson,* for appellants.

*F. J. Reed, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and TEWELL, District Judge.

TEWELL, District Judge.

This action was begun in the district court for Scotts Bluff county upon a promissory note. By agreement trial was had to the court. From a judgment in favor of the plaintiff for the face amount of the note plus interest as per the terms of the note the defendants appeal.

The defendants admit the execution of the note, and allege that the contract evidenced by the note and the real estate mortgage given to secure the payment thereof was usurious. The material facts are not in dispute. On March 15, 1930, the defendants were indebted to the plaintiff in the sum of $2,000, and on that date and in payment of such debt executed a note to plaintiff for the principal sum of $2,000, due March 15, 1932. This note bore interest at 10 per cent. per annum. Its payment was secured by a mortgage given by the defendants to the plaintiff upon real

estate located in the state of Colorado. This mortgage contained a clause requiring the defendants to pay all "taxes, levies and assessments levied upon this mortgage or the note which this mortgage is given to secure." As interest on this note the defendants paid the plaintiff the sum of $533.33, and on December 20, 1932, executed the note in suit in renewal of the note dated March 15, 1930. Payment of this second note was secured by a mortgage upon the same real estate in Colorado as was mortgaged to secure the note of March 15, 1930. Except as to date and the provisions as to time due, the two notes were identical in amount and as to form and provisions, as was likewise the two real estate mortgages above mentioned. Each mortgage above mentioned was executed at the same time and as a part of the same transaction as the note it was given to secure. Upon this second note the defendants paid interest to August 1, 1936, in the sum of $722.22. No mortgage other than upon real estate in Colorado secured either of these two notes. No payment other than the payments of interest above mentioned has been made upon either note. The defendants seek to have the payments of interest applied upon the principal. Defendants by their answer plead that chapter 178, Laws 1927 (section 77-1503, Comp. St. 1929) is unconstitutional and void for the reason that such act violates both sections 7 and 14 of article III of the Constitution of the state of Nebraska. By reply to the answer of the defendants, the plaintiff pleads the law of Colorado relative to the taxation of notes secured by a mortgage upon real estate. By stipulation during trial the parties agreed that the law of Colorado as pleaded by the plaintiff existed at the time of the execution of the note dated March 15, 1930, and at all times since. The sections of the Colorado statutes pleaded by plaintiff provide that, when real estate has been mortgaged to secure a note, such real estate and note shall be taxed as a unit and as of the value of such real estate, and further provide that such note shall not be otherwise taxed. At the trial the parties stipulated that no taxes had ever been levied

or paid upon either of the above-mentioned notes. At all times material to this action the plaintiff and both defendants were residents of Nebraska. Both notes above mentioned were payable at a bank in Mitchell, Nebraska. Nothing in the record shows any intent of the parties to cause their contract to be governed other than by the laws of Nebraska.

A brief statement relative to some of the statutes of Nebraska, and relative to a few prior holdings of this court, in addition to the facts above outlined, will aid in making clear our view of the law applicable to such facts. Sections 45-101 to 45-105, both inclusive, Comp. St. 1929, as existing at the time both notes above mentioned were delivered, provided that any rate of interest agreed upon not exceeding 10 per cent. per annum for the forbearance of money should be valid, and further provided that, if a rate of interest greater than 10 per cent. per annum were contracted for, such fact would not render the contract void, but that if, in an action on such contract, proof be made that such contract provided for interest at a greater rate than 10 per cent. the plaintiff could only recover the principal without interest minus any interest paid. Section 77-1502, Comp. St. 1929, provided that a real estate mortgage for assessment purposes was an interest in the real estate conveyed by such mortgage, and provided that the interest conveyed by the mortgage should be assessed and taxed against the interest of the mortgagee, and that the value of the real estate in excess of the mortgage should be assessed and taxed against the interest of the mortgagor. Section 77-1503, Comp. St. 1929, provided that, when any mortgage upon real estate contained a condition to the effect that the mortgagor should pay the tax assessed against the mortgage or the debt secured thereby, the interest of the mortgagee and the interest of the mortgagor should be taxed as one unit and not separately. Such section, in referring to such a condition in a mortgage, contained the following sentence:

"An agreement of this character in the mortgage shall

not destroy the negotiability of any note secured thereby *nor render such note usurious.*" (Italics ours.)

Section 77-701, Comp. St. 1929, provided that a note secured by a mortgage upon real estate located other than in Nebraska, such as the one in suit, when owned by an individual, should be taxed where assessed at the rate of eight mills on the dollar of the actual value thereof, the same to be assessed and collected where the owner resides, and further provided that such tax should be in lieu of all other taxes upon such note. From the year 1911 to the time of the passage of chapter 178, Laws 1927, the words "nor render such note usurious," italicized above, were not contained in section 77-1503, *supra.* By such chapter 178 the provisions of said section 77-1503 as theretofore existing (then section 5952, Comp. St. 1922) were purported to be repealed, such provisions to be reenacted in the identical words of the section repealed, and the phrase "nor render such note usurious" to be added thereto. In the case of *Stuart v. Durland,* 115 Neb. 211, 212 N. W. 31, this court held that a note secured by a mortgage upon real estate in Nebraska was usurious when the note and mortgage exacted the maximum legal rate of interest and in addition required the maker to pay the taxes upon the interest of the mortgagee in the mortgaged premises. The opinion in that case was filed February 1, 1927. The legislature was then in session, and the purported enactment of said chapter 178, Laws 1927, occurred.

Under the state of facts above outlined, and under the condition of the statutes and holding of this court above mentioned, and under certain existing facts relating to the manner of the passage of said chapter 178, Laws 1927, and to the title thereto hereinafter mentioned, the sole question presented is that of whether or not the note in suit is usurious.

Since we are unable to agree with certain contentions of the defendants hereafter mentioned that relate to the note in suit being usurious regardless of the validity of said chapter 178, Laws 1927, it would become necessary to de-

termine the validity, and also the effect, if valid, of such chapter after a disposition of such contentions. Both brevity and clarity in this opinion will be aided by a disposition of the contentions of defendants relative to such chapter 178, Laws 1927, being void prior to a discussion of other contentions made by the defendants.

Appellants contend that said chapter 178, Laws 1927, is void on account of restrictions contained in section 14, art. III of the Constitution of this state. Such section, as in force at the time of the purported passage of said chapter 178, provided in part as follows:

"No bill shall contain more than one subject, and the same shall be clearly expressed in the title. And no law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed."

The title to said chapter 178, Laws 1927, which now appears as section 77-1503, Comp. St. 1929, is as follows:

"An act to amend section 5952, Compiled Statutes of Nebraska for 1922, relating to revenue, to declare an emergency and to repeal said original section."

As heretofore noted, the only change made in said original section 5952 was the addition thereto of the words "nor render such note usurious." Such words, by their very nature, merely restrict and in no way enlarge the operation and effect of the provisions of the original section, and therefore cannot be other than germane thereto. The title to an act to amend a section of the statutes by an amendment that is germane to the original section amended is sufficient to comply with the provisions of section 14, art. III of the Constitution of Nebraska, requiring the subject of the amending act to be expressed in its title, if such title properly designates such original section by number only and declares the purpose of the act to be that of amending and repealing such original section. See 59 C. J. 816, and cases cited in the footnotes; *In re Estate of Austin*, 116 Neb. 137, 216 N. W. 171.

The appellants contend that said chapter 178, Laws

1927, violates said section 14, art. III of the Constitution, in that it amends sections 45-101 to 45-105, Comp. St. 1929, above mentioned, and also section 77-701 above mentioned, without containing such sections as amended. With this contention we cannot agree. These last-mentioned sections are not amended by said chapter 178. True, the effect of those sections is incidentally restricted. To uphold this contention of defendants would be to cause the provisions of the Constitution requiring an amendatory act to set forth the section or sections as amended to result in a different but worse evil than the evil that such provisions were intended to prevent. New legislation would be rendered very difficult of attainment. A major portion of new legislation effects incidentally in some form a large portion of prior existing statutes. An act amendatory of one section of the statutes, and which merely incidentally restricts the force and effect of other prior existing statutes, does not violate the constitutional provision requiring sections as amended to be set forth in the amendatory act, even though such other sections are not set forth. 59 C. J. 871, and cases cited in the footnotes.

Appellants contend that said chapter 178, Laws 1927, is void on account of section 7, art. III of the Constitution of this state. This section provides that after the expiration of the twentieth day of the legislative session no bill shall be introduced unless upon recommendation of the governor by special message, and that the introduction of bills after such twenty days shall be restricted to such special message. No special message of the governor dealt with the amending act involved herein. House Roll 421, introduced during the first twenty days of the session, was a bill for an act to amend section 5951, Comp. St. 1922, which section is now section 77-1502, Comp. St. 1929, above mentioned. Its purpose was to provide that the mortgagee should pay the tax assessed against the mortgagor's interest in mortgaged real estate if the mortgagor failed to pay such tax. After the expiration of the first twenty days of the legislative session, said House Roll 421 was

amended in the course of its passage and finally passed in the form of said chapter 178. Thus the title of the bill was changed in such manner as to cause the declared purpose of the bill to be that of amending section 5952, Comp. St. 1922, instead of section 5951 thereof, and the body of the bill changed so as to add the words "nor render such note usurious" to section 5952 as theretofore existing. A reference to the history of the five sections (sections 77-1501 to 77-1505, Comp. St. 1929) that now form article 15, ch. 77, Comp. St. 1929, will disclose that they were all originally enacted at one time and as a part of one act (chapter 105, Laws 1911). They dealt with the assessment and taxation of mortgages upon real estate. To avoid further discussion of such history, reference is here made to the dissenting opinion of Judge Eberly in *War Finance Corporation v. Thornton,* 118 Neb. 797, 226 N. W. 454. Attention is called to the fact that the majority opinion in that case differed from the dissenting opinion only upon the question of whether or not it was necessary therein to determine the validity of said chapter 178, Laws 1927, the notes upon which that action was based having been executed prior to the passage of such chapter. The said chapter 105, Laws 1911, was complete within itself and constituted original and independent legislation. The amendment to section 77-1503, by chapter 178, Laws 1927, is as germane to section 77-1502 as to the section amended. When a bill has been introduced in the legislature within the time limited by the Constitution for the introduction of bills, amendments that are germane to the subject-matter of such bill may be made after such time limit has expired. *Chittenden v. Kibler,* 100 Neb. 756, 161 N. W. 272; *State v. Ryan,* 92 Neb. 636, 139 N. W. 235; 59 C. J. 544; 25 R. C. L. 878, sec. 125. The subject-matter of House Roll 421 as originally introduced related to the taxation of real estate mortgages. The bill as it finally passed dealt only with a restriction upon the operation and effect of a provision in a real estate mortgage relating to such taxation. The amendment outlined above did not violate

section 7, art. III of the Constitution, on account of being made after the expiration of the first twenty days of the legislative session at which it was made.

Defendants contend that the decision in *Stuart v. Durland, supra,* was not based upon any provision of section 77-1503, Comp. St. 1929, but rather upon a construction of sections 45-101 to 45-105, Comp. St. 1929, above mentioned, together with section 77-1502, Comp. St. 1929, and that such decision would have been as it was even though section 77-1503 had not existed. Such contention is perhaps based on sound logic. They then further contend that therefore the amendment to section 77-1503 does not now effect the construction that now must be placed upon the same sections as were involved in the *Stuart v. Durland* case. With this contention we do not agree. Such a contention overlooks the fact that the sections involved in the case of *Stuart v. Durland, supra,* must now be read in connection with section 77-1503, *supra.* The rule that statutes *in pari materia* should be construed together applies to earlier as well as to contemporaneous statutes. The presumption is that the legislature at the time of the passage of section 77-1503, *supra,* had in mind the provisions of all existing earlier statutes and that it intended to create a harmonious whole. 25 R. C. L. 1063, sec. 287, and cases cited. When necessary to effectuate the legislative intent, a proviso in an amended section of a statute will be construed to apply to other sections of the act containing such amended section, or to apply to sections of other acts *in pari materia* with such amended section. 59 C. J. 1088.

A further contention of the defendants is that said chapter 178, Laws 1927, relates only to mortgages upon real estate in Nebraska, and that the laws of Colorado are immaterial. That the laws of Colorado are immaterial, we agree. No usury laws of Colorado are pleaded or proved. If the note in suit is usurious, such fact must arise from the provisions of sections 45-101 to 45-105 and 77-701, above mentioned, under the same reasoning as was applied to the effect of such sections, together with section

77-1502, in *Stuart v. Durland, supra.* Before the debt secured by the note in suit was created, said chapter 178 became effective. Thus we now have the question of whether or not said section 77-701 is prevented from having the same effect in connection with sections 45-101 to 45-105, *supra,* as section 77-1502 was declared to have in the case of *Stuart v. Durland.*

With the contention of the defendant that said chapter 178 deals only with mortgages upon real estate in Nebraska, we cannot agree. At the time said chapter 178 was passed the above-mentioned section 77-701, Comp. St. 1929, was in effect. It provided for the assessment of notes secured by a mortgage upon real estate in a foreign state at eight mills upon the dollar of valuation. If this contention of the defendants were upheld, we would then have the situation of a note bearing the maximum rate of interest allowed by sections 45-101 to 45-105, *supra,* when read alone, being rendered usurious on account of being secured by a mortgage upon real estate in a foreign state, when it would not be usurious if secured by a like mortgage upon land in this state. If the mortgage were upon land that lies partly in this state and partly in a foreign state, what would be the situation with relation to usury? When a statute is ambiguous or fairly susceptible of two constructions, one of which creates absurdities, unreasonableness or unequal operation and the other of which avoids such results, the latter will be adopted in the construction of such statute. 25 R. C. L. 1017, sec. 255.

The question here involved is that of whether or not chapter 178, *supra,* being declared valid, is *in pari materia* with sections 45-101 to 45-105, *supra,* and section 77-701, *supra,* so far as such sections relate to usury and the effect of the provisions of the revenue laws with relation thereto. If these sections are *in pari materia* and all are read together as they relate to the subject of usury, then the provisions of section 77-701 do not cause the note in the case at bar to exact a greater rate of interest than allowed by law. If, on the other hand, these sections are read as hav-

ing no relation to each other, then said section 77-701 causes the note in suit to be usurious under the holding in the *Stuart v. Durland* case. Various canons of statutory construction might appropriately be declared to be applicable to this question. Some of these are those relating to ascertaining the intent of the legislature, to the history of the sections involved, to the evil sought to be remedied, to the reasonableness of the result attained by the construction adopted, and to the circumstances surrounding the enactment of the statutes under consideration. None of these canons of which we are aware are inconsistent with views herein expressed. A discussion of when statutes are deemed *in pari materia* and when they are not is found in 25 R. C. L. 1060-1069. When all canons of construction are considered, we declare that the sections of the statutes above mentioned are *in pari materia* with relation to the subject of usury, and that section 77-701, *supra,* since the enactment of said chapter 178, does not cause a note secured only by a mortgage upon real estate in a foreign state to be usurious, even though the note exacts the maximum rate of interest allowed by sections 45-101 to 45-105, *supra,* and even though such mortgage contains a clause to the effect that the mortgagor will pay the taxes assessed upon such note or such mortgage.

We find no error prejudicial to the rights of the defendants in the record, and the judgment of the trial court is

AFFIRMED.